ROBERT MENEFEE V. THE STATE.

No. 17673.   Delivered June 26, 1935.
Rehearing Denied November 13, 1935.

The opinion states the case.

*James F. DeLoney,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of negligent homicide, and his punishment was assessed at a fine of $1000.00.

The record shows that on the 28th day of November, 1934, the appellant, while driving an automobile upon and along public highway No. 21 in Nacogdoches County, passed a school bus which was parked on the right hand side of said highway

for the purpose of discharging children who were being returned from school. The testimony also shows that there appeared on the front, back, and sides of said bus in letters from six to eight inches high the words "School Bus." The testimony shows that the highway is practically straight for a distance of about two or three hundred yards each way from the scene of the fatal collision. There is also testimony to the effect that the appellant drove at the rate of speed variously approximated from 25 to 50 miles per hour and at no time checked his speed in approaching or in passing said school bus. The appellant testified that on said date he was driving from Nacogdoches east accompanied by his wife and Annie Marie Ferguson. After having traveled several miles east from Nacogdoches, he observed the school bus parked on the right side of highway 21 headed east in the same direction he was traveling; that he observed the bus when he was about seventy-five or one hundred yards distant from it but he thought it was a yellow moving van; that his eyesight was not very good and he did not notice the words "School Bus" printed on it until he was within fifty yards of it. He noticed some children near the bus and he slowed up immediately after discovering the parked vehicle was a school bus and brought his car to a complete stop. One of the little boys motioned to him to drive on and he saw no passengers being discharged from the bus. After having traveled about 20 yards from where he had stopped and as he passed the left front fender of the bus the little Davis girl suddenly jumped in front of his automobile. He said that his car was traveling about 25 miles per hour when the little girl jumped in front of and was run over by his car; that there was nothing he could have done to avoid the accident; that he stopped his car within about 30 or 40 yards of the scene of the accident and picked the little girl up.

The appellant's only contention is that the court failed to charge on unavoidable accident and refused to submit his special requested charge on that phase of the case. The information alleges that the appellant, while engaged in an unlawful act, to-wit: Passing a school bus which had stopped on the right hand side of the highway and was discharging passengers, etc. The testimony of the appellant shows that he saw the motor bus parked on the right hand side of the highway at a distance of about one hundred yards; that he came to a full stop, then started up and passed the motor bus while it was still discharging passengers, which resulted in striking a little school girl inflicting injuries upon her from the effects

of which she died. Other testimony offered by the State is to the same effect. It was alleged in the information that the appellant was guilty of a misdemeanor under Sec. 1, Chapter 215, Acts of Regular Session, 42nd Legislature, 1931, and therefore was guilty of the offense of which he was convicted. Negligence in the performance of an act, whether lawful or unlawful, is the gist of the offense of negligent homicide. When a person in the performance of an unlawful act injures another, he is guilty of negligence per se, that is, as a matter of law. The appellant takes the position that the testimony raises the issue of unavoidable accident and therefore the court erred in declining to instruct the jury on said issue, to which we can not agree. An accident which could have been avoided by a compliance with the law will not be deemed unavoidable. In the instant case, the appellant's act was unlawful in that he drove his automobile by a school bus àt the rate of 20 or 25 miles per hour, while it was discharging passengers, an act prohibited by law. This unlawful act was the direct and proximate cause of the injury to the little girl which resulted in her death. Hence, he was not entitled to a charge on unavoidable accident any more than he would have been entitled to a charge on contributory negligence.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were in error in holding that the trial court did not err in declining to submit to the jury his special requested instruction on unavoidable accident. An unavoidable accident is one that could not reasonably be anticipated. If it occurs without fault or failure of duty on the part of the person to whom the occurrence is attributable, there is no wrong.

Section 1, Chapter 215, Acts, Reg. Sess., 42nd Leg., provides as follows: "Section 1. All vehicles used for the transportation of pupils to and/or from any school or college, shall have a sign on the front and rear and on each side of said vehicle, showing the words 'School Bus' and said words shall be plainly readable in letters not less than six (6) inches in height. It

shall be the duty of the operator of such 'School Bus' vehicle to see that such signs are displayed as above provided, and it shall be unlawful to operate any such 'School Bus' vehicle unless such signs are so displayed thereon. When any such 'School Bus' vehicle stops, every operator of a motor vehicle or motorcycle approaching the same from any direction shall bring such motor vehicle or motorcycle to a full stop before proceeding in any direction; and in event such 'School Bus' vehicle is receiving and/or discharging passengers, the said operator of such motor vehicle or motorcycle shall not start up or attempt to pass in any direction until the said 'School Bus' vehicle has finished receiving and/or discharging its passengers."

Section 2 makes any party who violates any of the provisions of Section 1 guilty of a misdemeanor.

In the case under consideration there had been full compliance with the law so far as the school bus was concerned with reference to the signs on the sides and ends of the bus. The law demanded that appellant also obey the law, and not attempt to pass until all passengers were discharged or received. Appellant saw the school bus and knew it to be such. State's witnesses testified that he did not stop his car until after the child was struck. Appellant and his witnesses testified that he stopped the car, but had started it again, and that the child that was injured ran in front of it from around the bus. There is no question but that children were at the time getting off the bus. Appellant was charged with knowledge of the law which forbade him passing the bus while passengers were being received or discharged. He disobeyed said penal statute. He could reasonably have anticipated injury to a child. There was a failure of duty on his part and a violation of the statute when he attempted to pass the bus under the circumstances here shown. We think the doctrine of unavoidable accident not applicable here.

Appellant calls attention to Hoffman v. State, 85 Texas Crim. Rep., 11, 209 S. W., 747, and expresses the view that our present opinion is in conflict with said case. We do not so understand it. There both the injured party and the accused were claiming that each was free from blame, and attributing the accident to the negligence of the other. There was no such violation of a positive statute such as we find here.

The court's charge is defective in some particulars, but appellant did not object to the same, as required by the statute

(Art. 658 C. C. P.), and it is not regarded as so fundamentally erroneous as to call for reversal.

The motion for rehearing is overruled.

*Overruled.*