LYNN C. JOHNSON V. THE STATE.

No. 23892. Delivered January 28, 1948.

*Merrill & Scott,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is negligent homicide. The punishment assessed is confinement in the county jail for a period of six months.

The complaint and information contain two counts. In the first count appellant was charged with negligent homicide in the second degree. In the second count he was charged with negligent homicide in the first degree. A trial before the court without the intervention of a jury resulted in his conviction of negligent homicide in the first degree. Appellant contends that the evidence is insufficient to sustain his conviction of negligent homicide in the first degree.

The record shows that appellant was driving an automobile on the right side of Harrisburg Blvd. at nighttime at the rate of 20 to 25 miles per hour; that when he reached a point about half-way between two diagonal streets intersecting Harrisburg Blvd. he struck the deceased who was either coming from between two parked automobiles or emerging from his own automobile on the left side thereof. No one, so far as the record shows, saw the collision who might have related just how it occurred. Appellant testified that he kept a proper lookout but did not see the deceased; that he did not know he had struck anyone; that he realized he had struck something but was under the impression that he had scraped the fender of a parked car; that he did not stop to investigate what he had struck since he did not see any person whom he might have struck.

Art. 1231, Vernon's Ann. P. C. provides as follows:

"Whoever in the performance of a lawful act shall by negligence and carelessness cause the death of another is guilty of negligent homicide of the first degree. A lawful act is one not forbidden by the penal law and which would give no just occasion for a civil action."

Art. 1232, Vernon's Ann. P. C. provides as follows:

"To constitute this offense there must be an apparent danger of causing the death of the person killed or some other."

As pointed out above, in order to constitute the offense of negligent homicide in the first degree there must be an apparent danger of causing the death of the person killed or some other. In the instant case, there is no evidence that appellant saw the deceased, or could have seen him, nor did he know that he was there. Hence, there was no apparent danger. Therefore, the evidence is insufficient to sustain the judgment.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.