## VANILLA MAYBERRY V. STATE.

No. 25212. March 7, 1951.
Rehearing Denied May 9, 1951.

Hon. V. M. Butler, Judge Presiding.

*Murray & Murray,* by *Clark Murray,* Floresville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted of negligent homicide of the second degree and given a penalty of two years in the county jail.

The appeal is based on three propositions of law, all based on the same evidence and each contending that the court com-

mitted error in failing to give his requested charges on what he contends was his affirmative defense.

The record is properly prepared and the propositions of law asserted are in accordance with the holdings of this court. We think, however, that the evidence does not raise a defense requiring the requested charges.

The automobile collision which is the basis of the prosecution occurred six miles from Floresville on the highway towards San Antonio. It is a two lane highway with a center stripe. Appellant was driving a Kaiser automobile going in the direction of San Antonio. The proof shows that he overtook another car in the same direction and turned to his left to pass around it and headed into another car going in the opposite direction. As a result of the collision two people were killed.

Testifying in his own behalf appellant said he lived in the town of Poth; that he was driving at about 50 miles an hour when the collision occurred; that he was going towards San Antonio on his way to Kerrville. He testified: "I did find that the brakes would not hold at all before I left Poth. I stopped at Schneider's and put in brake fluid. The brakes were strong before that. * * * I did try my brakes on the way to San Antonio. I stopped at a filling station over here to wipe my windshield, and they held good." It is not shown whether this was before or after the accident, presumably it was before. He never testified at any time that his brakes did not hold at the time of the accident. On the contrary he said: "I do not remember whether or not I put on my brakes. I did swerve the car, and it was not too long after that we had the wreck." On cross-examination he again stated: "I did put brake fluid in in Poth. No, I do not know whether I applied my brakes. I do recall coming over the hill. At the time I went over the hill, the cars in front of me were about ½ mile away. When I approached their rear, I was as close to them as from me to you. (Indicating) I got excited, I don't know if I scraped the car. I have been driving five years."

There is nothing in the foregoing testimony, or any other statement made by appellant, to show the reason for the collision only that he got excited. Whether this was before he swerved to the left or afterwards is not shown. It would hardly be the basis for an affirmative defense in either event. It would be natural that he became excited after he discovered his perilous position and this would be when he found himself confronted with an approaching automobile. He details nothing done on the

part of the driver of the car in front of him, going in the same direction, which caused him to become excited or which would in any way contribute to the collision.

It is true that one witness, Jim Evans, who was riding in the car with appellant, testified that appellant pushed on his brake pedal, that he pushed it all the way to the floor and had no brake. It is noted, however, that appellant makes no claim that this was the cause for his driving to the left.

Considered altogether, we find no evidence of an affirmative defense and it is our conclusion that the court properly submitted the issues as raised by the evidence.

Finding no reversible error the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant again calls our attention to the trial court's failure to submit his affirmative defense supplied by the witness, Jim Evans. Viewed in the light most favorable to this appellant, the testimony of this witness established that just prior to passing the Ortmann car, appellant pushed his brake pedal to the floor, his brakes did not work and he pulled over to his left-hand side of the highway to avoid hitting the Ortmann car and hit the oncoming Zunker car, killing the occupants thereof. This being a misdemeanor case, it was incumbent upon appellant, in addition to excepting to the court's charge, to submit to the court a correct charge upon the subject. We find no requested charge regarding the failure of brakes as accounting for appellant's driving on his left side of the highway.

Requested charge No. 1 would have required a verdict of not guilty if appellant "swerved his car from his right side of said highway in order to avoid a collision with the Ortmann car." This obviously in itself would be no defense.

Requested charge No. 2 would have authorized acquittal upon finding that the collision was the result of acts done or omitted under a sudden emergency. Such charge was not called for by the evidence as we view it if, in fact, such doctrine has any application in the trial of a criminal case.

The third requested charge defined unavoidable accident as "a sudden and unexpected happening occurring without fault or negligence on the part of any party connected therewith" and instructed a verdict of not guilty if the jury believed or had a reasonable doubt that this collision was the result of an unavoidable accident.

We do not believe that such a charge was called for by the evidence. Nor do we think such charge is applicable in negligent homicide cases, the question of negligence on the part of the deceased or any party other than the accused being immaterial.

Art. 1233, P. C., provides that the want of proper care and caution distinguishes the offense of negligent homicide from excusable homicide.

Art. 1228, P. C., provides that homicide is excusable when the death of a human being happens by accident or misfortune, though caused by the act of another.

In Hoffman v. State, 85 Tex. Cr. R. 11, 209 S.W. 747, both the companion of the deceased and the accused were claiming that each was free from blame and attributing the accident to the negligence of the other. Appellant sought to have the jury instructed as to the law which would have excused him from liability if the injury was the result of accident or misfortune, and it was held that he was entitled to such a charge. The court said: "If the jury believed the evidence of the appellant and his witnesses * * * they would have been justified in concluding that the injury was not due to negligence on the part of the appellant, but was the result of accident or misfortune."

The only charge on the subject which we have found to have the approval of this court appears in the files of this court in Hoffman v. State, supra. This charge began with the terms of Art. 1228 as follows:

"You are charged as a part of the law of this case that homicide is excusable when the death of a human being happens by accident or misfortune, though caused by the act of another who is in the prosecution of a lawful object by lawful means." *This was followed by the application of the facts of the affirmative defense so that the jury might know with certainty what conduct they were finding to have occurred in order to acquit the defendant.*

The requested charge in the instant case merely called for a finding that the collision was the result of an unavoidable accident. Such was defined as will be seen in the third requested charge heretofore discussed.

In this connection it will be noted that in Menefee v. State, 129 Tex. Cr. R. 375, 87 S.W. 2d 478, this court defined "unavoidable accident" as the term is used in negligent homicide cases as:

"An unavoidable accident is one that could not reasonably be anticipated. If it occurs without fault or failure of duty on the part of the person to whom the occurrence is attributable, there is no wrong."

We are constrained to believe that the requested charge was not correct, insofar as negligent homicide is concerned, and that therefore there was no error in its refusal.

Appellant, for the first time, calls this court's attention to what he claims are certificates of error by the trial court contained in the bills of exception. The rule has been well settled that where the entire matter is before us, we will not be bound by the trial court's certification of error. McGee v. State, 155 Tex. Cr. Rep. 639, McCune v. State, No. 25,020, (page 207 of this volume) ; Moore v. State, 151 Tex. Crim. Rep. 217, 206 S.W. 2d 600; Douglas v. State, 144 Tex. Cr. R. 29, 161 S.W. 2d 92 ; Tex. Dig., Crim Law key 1111 (4) & (5).

Finding no reversible error, the appellant's motion for rehearing is overruled.