NEWTON HENRY POPE V. STATE.

No. 25392. November 14, 1951.
Rehearing Denied January 16, 1952.

Hon. Floyd Jones, Judge Presiding.

*Spence & Rexford,* by *Sam B. Spence,* Wichita Falls, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The indictment charged (a) the murder of Mrs. F. G. Harris, with malice aforethought, (b) the killing of Mrs. Harris in the operation of an automobile while intoxicated, by accident and mistake, and (c) negligent homicide.

The conviction is under the second count, which charged a violation of Art. 802c, Vernon's P. C. The punishment is assessed at two years in the penitentiary.

U. S. Highway No. 180 between Breckenridge and Albany is paved. F. G. Harris, sixty-seven years of age, lived with his family four or five miles from the highway. On the morning of July 22, 1950, Harris, together with his wife and three adult daughters, left their home in his "Model A" Ford to go to Breckenridge. Upon approaching the highway, Harris caused his car to come to a complete stop. He saw a car approaching and waited for it to pass. Seeing another car approaching, he decided not to wait longer, and stated to the other occupants in his car:

"I told the folks that I thought we could make it all right, and I put my car in low gear and started on up to the highway. I went pretty straight across and when I got upon the highway I turned back east toward town. I don't think I could have been going over 5 or 6 miles an hour when I drove up on the highway and turned back east."

When Harris made the turn to the east he was then upon the right-hand side of the highway to traffic traveling in that direction. As he entered upon that side of the road his car was struck from behind by the car he had seen coming in that direction, which was an Oldsmobile driven by the appellant.

As a result of the collision, Mrs. Harris was killed, as also was a passenger in the car of appellant.

Harris's car was knocked about thirty-six feet but did not leave the highway. There was a suggestion in the testimony that the car rolled over, but the pictures of the car taken a short time thereafter do not so indicate. There is no testimony as to the rate of speed the appellant was traveling at the time of the collision.

The foregoing are the undisputed facts. Appellant did not testify.

The proof abundantly established that appellant, who himself was injured in the collision, was under the influence of intoxicating liquor at the time.

It is insisted that a charge upon circumstantial evidence should have been given, because no witness identified appellant as the driver of the car which struck Harris's car.

We believe the testimony of a witness who arrived at the scene of the collision soon thereafter is sufficient to take the case out of the rule of circumstantial evidence. This witness testified:

"The person that I saw sitting under the steering wheel of the car when I drove up was the same man that I saw step out of the car thereafter. The defendant in this case is the same man that I saw under the steering wheel."

Appellant insists that he was entitled to have the jury instructed upon the law of unavoidable accident.

The trial court in his charge fully protected the rights of appellant with reference to the required causal connection between the alleged intoxication and the collision. Also, the particular facts with reference to the act of Harris in driving in front of appellant's automobile were expressly required to be negatived as the sole causal factor in bringing about the collision.

We are constrained to agree that the charge, as given, accorded to appellant his full defensive rights and those that were due him under what is referred to as an "unavoidable accident."

It must be remembered that the definition given to the terms, "proximate cause," "contributory negligence," and "un-

avoidable accident," as known to and applied to civil cases, does not apply to criminal cases.

In cases such as the instant one, where the trial court requires as a condition precedent to a finding of guilt that the intoxication is the cause of the collision, the rights of the accused are deemed sufficiently presented in the charge.

The difficulty in this particular arises, primarily, over the fact that Harris, at a low rate of speed, drove his car in front of appellant's car and into that portion of the highway over which appellant's car was rightly traveling and approaching.

It is earnestly insisted that in this particular the jury was not warranted in disregarding the undisputed testimony showing that Harris did drive his car in front of the appellant, there being an entire absence of any testimony that appellant did any act or failed to perform any duty incumbent upon him.

We recognize the force of this argument, but cannot escape the conclusion that the jury whose province it was to weigh the evidence was, as a matter of law, authorized to reach the conclusion that it did.

The judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The appellant's very able motion and oral argument in its behalf have called for a complete review of the entire record in this case. This we have done and it is our conclusion that the original opinion properly disposed of every issue presented in the appeal.

The only statement in the original opinion which we would now modify is that which says that the difficulty arises "over the fact that Harris, at a low rate of speed, drove his car in front of appellant's car and into that portion of the highway over which appellant's car was rightly traveling and approaching."

In considering all of the evidence on this point it plainly

appears that Harris drove his car from a side road into the main highway when there was no other car in sight except the one driven by appellant, and it was at least three-tenths of a mile away. Some witnesses place it further. However slow the Harris car was going, it had righted itself and, according to some of the witnesses—which the jury had a right to respect— it had traveled sufficiently far in that lane to have passed a beer joint on the corner to its left. Even if the jury should believe that the Harris car was struck by appellant's immediately after it had righted itself in its proper lane, it is without dispute that appellant had plenty of room and was a sufficient distance away to have avoided the crash by swerving to the left. No sober man would have overlooked this and the only conclusion which the jury could reasonably reach was that because of his intoxicated condition he was unable, as the doctor testified, to judge properly either the distance or direction. Appellant presented no evidence to explain the accident, nothing wrong with his brakes, no obstruction, no claim that he was misled by the Harris car's movements, no showing that he at any time applied his brakes. The evidence of the markings on the higway is quite conclusive that he did not. Instead of the evidence failing to show "causal connection" it would be more properly expressed, under the evidence of this case, to say it was the direct result of intoxication and nothing else because we find no other excuse indicated. This, of course, is said in view of the jury's finding.

In his motion for rehearing appellant concedes the correctness of the court's charge in presenting this issue to the jury. A review of the charge on the subject convinces us that it was an admirable one. Appellant's able counsel has so expressed himself in a fair presentation of his case.

We believe the proper conclusion was reached in the original opinion and the motion for rehearing is accordingly overruled.