CHARLES LEE CAVE V. STATE

No. 27,232. January 5, 1955
Motion for Rehearing Denied
(Without Written Opinion) February 16, 1955

*Florence & Florence,* by *G. L. Florence,* Gilmer, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder under Article 802c, V.A.P.C.; the punishment, two years.

The witness Dunnivant testified that, during the course of his employment of delivering newspapers to the route carriers, he first saw the appellant, who was a total stranger to him, at approximately 5:15 or 5:30 on the afternoon in question at Truckers Cafe two miles east of Big Sandy; that the appellant, who was driving a maroon Ford, came up behind him, honked his horn, and motioned to him to pull over to the side of the highway; that he declined to do so; that the appellant drove around in front of him and slowed up, which caused the witness to stop; that the appellant invited him to take a drink with him, which he declined, and continued in his westerly direction. Dunnivant stated that he next saw the appellant in the town of Big Sandy; that he drove up in the delivery boy's yard, and the appellant drove in behind him, which blocked his exit; that the

appellant again insisted that he drink with him and that at that time he saw a half full fifth bottle of whiskey in the appellant's hand. The witness stated that in his opinion the appellant was intoxicated; that he again refused the drink and continued in his westerly course toward the city of Hawkins, only to be overtaken by the appellant, who again asked him to take a drink and ride around with him; that he told the appellant to leave him alone but that the appellant continued to follow him and began to bump the rear end of the pickup he was driving by running his Ford into it. The witness stated that he accelerated his speed in order to escape from the appellant but that the appellant continued to bump him even at a speed of 65 miles per hour until he reached the city of Hawkins, where he pulled into a filling station, and he saw the appellant pass.

Victor Russell testified that he saw a maroon Ford containing only the driver pass through the city of Hawkins shortly before six o'clock making an unusual noise with its tires and saw it cross over the center of the highway and come "very near hitting another car."

Carl Merritt testified that he saw the appellant sometime after six o'clock on the afternoon in question near the city of Hawkins driving sixty miles per hour alone in a maroon Ford, that the appellant was driving on the wrong side of the road until he got near the witness and then pulled too far the other way, nearly hit some mail boxes, and then drove back on his left hand side of the road.

Charlie Robinson testified that a Ford containing only the driver passed him west of Hawkins and continued to drive on the left hand side of the road until it collided with an automobile traveling east; that he proceeded to the point of the collision, where he found a man "hanging over in the door" who was so bloody that he could not be identified. Robinson stated that he saw two bottles in the Ford, one wrapped up and the other a fifth partially empty.

R. H. Fuqua testified that he and his wife were proceeding east on Highway 80 shortly after six o'clock on the afternoon in question when he observed an automobile meeting him that was traveling on the wrong side of the road, that he applied his brakes and attempted to pull over but was unable to avoid the collision, which seriously injured him and cost the life of his wife.

Bernard Hall testified that he arrived at the scene of the collision about five miles from Hawkins, saw a man "hanging in the car door" of a maroon Ford; that two colored men pulled the man out of the automobile and laid him on the ground; that he did not know the appellant and could not identify him because his face was so bloody; and that he saw some kind of liquor bottle in the Ford.

Highway Patrolman Blalock testified that he received a call and proceeded to the scene of the collision, where he found the appellant lying on the ground beside the maroon Ford, that he detected a strong odor of alcohol on appellant's breath and ascertained that he was unconscious.

Several pictures showing the skid marks and the point of impact were introduced in evidence.

Ray Boutwell, ambulance driver, testified that he detected a strong odor of alcohol on appellant's breath, as did Dr. Jones, who treated the appellant upon his arrival at the hospital, Highway Patrolman Coward and nurse Murdock.

Appellant, testifying in his own behalf, stated that he was rendered unconscious for several days following the collision and could not remember anything that had transpired that day.

Appellant's mother and father testified that the appellant had not been "himself" since his return from the Army.

R. W. Cave testified that the appellant was at his home in Kilgore shortly after five o'clock on the afternoon in question and that he did not detect the odor of alcohol on appellant's breath and saw no indication of his being intoxicated.

Appellant offered a great many witnesses who testified as to his good reputation for being a peaceable, law-abiding citizen.

We find the evidence sufficient to support the conviction.

Appellant's able attorney in his brief and in argument relies principally for reversal upon the failure of the trial court to charge on circumstantial evidence. He contends that the facts just stated fail to establish, except by circumstantial evidence, that (1) the appellant was intoxicated at the time of the collision, and (2) that the appellant was the driver of the automobile at such time. We shall discuss each contention in order.

(1) There is direct evidence that the appellant was intoxicated sometime after 5:15 p.m. and was headed in a westerly direction on Highway 80. After the wreck his breath was shown to smell strongly of alcohol, and a partially empty bottle was found in his automobile. In Kimbro v. State, 157 Texas Crim. Rep. 438, 249 S.W. 2d 919, the arresting officer halted the accused and smelled alcohol on his breath, instructed the accused to follow him into town but the accused ran away. The officer later apprehended the accused. The accused testified that he drank a half pint of whiskey after the officer first saw him. There we said:

"We think the testimony of the officer as to smelling alcohol on appellant on the first occasion he was halted takes the case out of the realm of circumstantial evidence irrespective of appellant's testimony."

(2) There is direct testimony that the accused was driving his maroon Ford near the town of Hawkins shortly before the collision. Only one man was visible in the Ford when it had the collision. A witness saw a man hanging in the door of the maroon Ford after the collision, saw two men pull him out of the automobile and put him on the ground. A highway patrolman arrived upon the scene shortly after the collision and saw the appellant lying on the ground near the maroon Ford.

In Pope v. State, 156 Texas Cr. Rep. 597, 245 S.W. 2d 245, there were two men in the automobile allegedly driven by the accused at the time of the collision. There we said:

"It is insisted that a charge upon circumstantial evidence should have been given, because no witness identified appellant as the driver of the car which struck Harris' car.

"We believe the testimony of a witness who arrived at the scene of the collision soon thereafter is sufficient to take the case out of the rule of circumstantial evidence. This witness testified: 'The person that I saw sitting under the steering wheel of the car when I drove up was the same man that I saw step out of the car thereafter. The defendant in this case is the same man that I saw under the steering wheel'."

In Smith v. State, 273 S.W. 2d 623, this day finally decided, the accused was seen leaving a filling station alone in his automobile ten or fifteen minutes prior to the collision and was found

following the collision lying on his back on the ground with his feet in his automobile. In that case we said:

"When the facts proven are in such close juxtaposition to the main facts to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required.

"We are of the opinion that the facts proved by the state constitute direct evidence that the appellant was driving his automobile at the time and place in question and the submission of a charge on circumstantial evidence was not required. Landry v. State, 156 Texas Cr. Rep. 350, 242 S.W. 2d 381."

By Bill of Exception B complaint is made of the failure of the trial court to define the words "accident, mistake or voluntarily" in his charge.

In Johnson v. State, 153 Texas Cr. Rep. 54, 216 S.W. 2d 573, we held it not error in a prosecution under Article 802c, V.A.P.C., to fail to define "accident and mistake."

In Joubert v. State, 136 Texas Cr. Rep. 219, 124 S.W. 2d 368, we held that it was not necessary for the court to define the word "voluntarily" in his charge.

From Bill of Exception C it appears that the appellant made application for a suspended sentence and sometime after the jury began their deliberation on the case they returned into open court and requested the court to define what was meant by term "good behavior," that the court, over the appellant's objection, gave the jury in writing an additional charge which defined the term as it is defined in Article 777, V.A.C.C.P. The court qualified the bill by certifying that appellant's counsel in his argument had explained to the jury the effect of the suspended sentence law. We perceive no reversible error reflected by this bill.

Bill of Exception D complains of the following argument:

"We are proud to see that you are very attentive to the evidence that is produced and in that respect I feel that the State has brought before you one of the clearest cases of murder with a motor vehicle that has ever been presented in this or any other court in the State of Texas."

In Farmer v. State, 158 Texas Cr. Rep. 397, 255 S.W. 2d 864 (a death penalty) the prosecutor said, "Never in my life-

time have I ever seen a more terrible case than this one on its facts." In that case we said, "We feel that the prosecutor was warranted in expressing his opinion of the seriousness of the case from the facts in evidence." We find no reversible error reflected by this bill.

Bill of Exception E complains of argument of counsel wherein he said:

"This case indicates from the evidence that this man does not— is not entitled to a suspended sentence. In substance a suspended sentence would be a pat on the back and put him back on the highways of this County and this State to do—if he is not impressed any more by that verdict than he has in the past, then that would do no good whatsoever."

Appellant objected to the argument, and the court responded by stating, "Gentlemen you will not consider the statement of counsel for any purpose. It is not evidence before you."

In the light of the court's instruction, reversible error is not shown by this bill.

Informal Bills of Exception Nos. 9 and 10 relate to testimony of the witness Merritt in which he described the manner in which the appellant was driving his automobile shortly before the collision. The grounds of the objection were that what the witness had observed had occurred several miles from the scene of the accident and might involve other and separate matters not related to the instant trial. If this objection was good, then the entire testimony of Dunnivant would be inadmissible, which we are certainly not prepared to hold. On the issue of the appellant's intoxication, the state clearly had the right to show his conduct for a considerable length of time prior to the collision.

Informal Bill of Exception No. 12 relates to the cross-examination of Dr. McReynolds who had testified on direct examination that a person could suffer a lapse of memory as the result of an injury to his brain. On cross-examination he was asked if a lapse of memory might not also be caused by the excessive use of alcoholic spirits. The doctor was testifying as an expert, and we think there was ample evidence of intoxication to lay a proper predicate for the asking of the question complained of in this bill.

Appellant leveled objections to the introduction of several pictures taken at the scene of the collision.

Recently, in McFarlane v. State, 159 Texas Cr. Rep. 658, 266 S.W. 2d 133, we set out a proper and relatively simple test as to the admissibility of pictures. We find that such test has been met by the proof adduced herein and that the pictures were admissible.

Finding no reversible error, the judgment of the trial court is affirmed.