## WILLIE FRANK WILSON v. STATE

No. 27,788. November 9, 1955

*Otis Scruggs, Jr.*, Houston, for appellant.

*Dan Walton*, District Attorney, *Eugene Brady* and *Thomas D. White*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aggravated assault with a motor vehicle; the punishment, 90 days in jail.

The evidence offered by the state included a voluntary statement of the appellant and shows that, while driving an automobile on a concrete highway near Humble, appellant, attempting to pass other cars he was following, crossed the center line at a time when a car driven by Leman Jordan Edwards was approaching from the opposite direction; that in the collision which resulted Edwards was seriously injured and a passenger in the car appellant was driving was killed.

The statute under which appellant was charged and convicted is Art. 1149 P.C.

Under this Article, the gist of the offense is negligence of the defendant; "negligence," as used in the statute, meaning the failure to exercise ordinary care. Guajardo v. State, 139 Texas Cr. R. 201, 139 S.W. 2d 85; Merryman v. State, 153 Texas Cr. R. 593; 223 S.W. 2d 630; Nichols v. State, 155 Texas Cr. R. 522, 236 S.W. 2d 801.

The evidence is sufficient to sustain the conviction.

Appellant orally requested a charge on unavoidable accident, the overruling of which request is complained of.

Arts. 658 and 659 V.A.C.C.P. require objection to the court's charge and requested charges to be presented in writing.

The point is not before us, but if it were, the charge was not called for by the evidence, if in fact such a charge is applicable in prosecutions for assault with a motor vehicle by negligence. See Mayberry v. State, 156 Texas Cr. R. 101, 239 S.W. 2d 111, 113.

There is no merit to the complaint that appellant was denied the right to be confronted with the witness David Heard. Heard was a friend of appellant who was present when he made his voluntary statement to Officer White.

White testified fully concerning the making and signing of the statement and the warning given.

He further testified that appellant stated he could not read; that the statement was read to him by David Heard as the officer "followed him along with it" on the copy and that Heard read it as he, Officer White, had typed it.

Under these facts the state was not bound to call Heard as a witness.

An affidavit of Heard to the effect that he had read the statement to appellant "as it is, and he tells me it is true and correct to the best of his knowledge" appears below the signature of appellant on his voluntary statement, but there is included in the statement of facts the statement that such was not read or exhibited to the jury. Hence no error is shown.

The remaining contention is that the court erred in permitting the complaining witness Edwards, a layman, to diagnose his own injuries.

Edwards' testimony in this regard was that the injuries he sustained consisted of a "Broken leg, broken arm, knee cut open, knee cap cut out, five broken ribs, fractured jaw, fractured lip, two broken teeth."

And as to treatment he received, Edwards was permitted to testify: "I wore a cast seven weeks on my leg and arms. I checked with my doctor once and twice a week until a week ago"; missed ten weeks from work.

As to his remaining disability as a result of such injuries, he testified: "I have a stiff knee, and an ankle is still swollen and still hurts to walk on it. My knee is stiff. I can't bend it at all."

None of this testimony was subject to the objection that Edwards was not qualified to answer.

The judgment is affirmed.