## James William Coate v. State

No. 29,138. June 29, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 6, 1957.

*Patterson & McDaniel,* by *Louis M. Moore,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is negligent homicide in the first degree; the punishment, a fine of $750.00.

Deceased met her death as the result of a collision between an automobile which she was driving and one driven by the appellant at the intersection of Tuam and Smith in the city of Houston. There were no passengers in either automobile.

The state's principal witness Larzelier testified that he was driving south on Smith when the Ford driven by the appellant passed him going in the same direction in the middle of the block, that he began to reduce his speed because he expected the signal light at the next intersection to turn red but that the appellant did not appear to slacken his speed and proceeded into the intersection where the collision occurred. He stated that when he arrived at the intersection the signal light was red but that he could not testify that it was red when the appellant did so. The front of the appellant's Ford hit the left rear fender of the Chevrolet driven by the deceased, which approached from the east on Tuam, and neither automobile appeared to make any effort to stop immediately before the collision. Excessive speed does not appear to have been a factor in the collision.

Officer Goehring, who arrived shortly after the accident, testified that he found no skid marks and found the traffic lights to be in working order. The control box had evidently been knocked loose by the Chevrolet following the impact, and he called in on the radio to have it fixed. Officer Kelly, who worked the traffic at the intersection for 45 minutes after the collision, found the traffic lights at the intersection to be in working order during his stay.

The appellant called the city electrician, Jones, who testified that in answer to a call he went to the scene of the collision approximately an hour and a half after the collision and found the

control box to be loose on the pole and the red light facing the east bound traffic on Tuam to be burned out. On cross-examination, he stated that a jar would cause a bulb to burn out quicker.

Appellant, testifying in his own behalf, stated that he had a green light, and "I went on into the intersection and as I hit the intersection 'wham,' that was it." He stated that he did not apply his brakes before the collision because "things happened in just a split second." When questioned as to whether he was keeping a proper lookout prior to entering the intersection, he answered, "I can't say that looking around, what I was looking, was looking ahead, looking at the traffic light and where I should be driving and all" and did not "see this car coming from this side."

The facts will be discussed more fully in connection with the contentions advanced by able counsel in his brief.

Several of the bills of exception challenge in different ways the sufficiency of the evidence to support the conviction. Reliance is had upon Johnson v. State, 151 Texas Cr. Rep. 313, 207 S.W. 2d 871, and Johnson v. State, 156 Texas Cr. Rep. 23, 238 S.W. 2d 766. In the first case, the deceased was on foot and came out into the roadway from between two parked automobiles in front of the accused's automobile. It is difficult to see how such a case could be authority here. In the second case, the pavement was wet, and, as the accused applied his brakes, the trailer of his truck jackknifed around and struck the automobile driven by the deceased. This court held that the state had failed to show apparent danger of causing death to the deceased from the negligent acts of the accused.

Now let us return to the case at bar. We have concluded that the jury was authorized, from the location of the damage to the respective automobiles plus the failure of the appellant to apply his brakes, to conclude that the appellant failed to keep a proper lookout and that there was an apparent danger present.

Appellant next contends that the court erred in refusing to permit him to prove that the intersection in question was unusually hazardous and dangerous.

Appellant relies upon a number of civil cases and contends that he should have been permitted to prove that there had been "other accidents or near accidents at the intersction in question * * * so as to show that he was not guilty of negligence

on the date and time in question, because of the common experiences and difficulties other persons of ordinary prudence had in making the crossing." The obvious answer to this contention is, we feel, that if in fact this was a hazardous intersection, then the appellant was under a greater duty to exercise care than he would have been at a normal intersection. Appellant forgets, we fear, that in negligent homicide prosecutions unavoidable accident, as that term is employed in civil law, has no application, and contributory negligence on the part of the deceased is no defense. Mayberry v. State, 156 Texas Cr. Rep. 101, 239 S.W. 2d 111, and Wilson v. State, 162 Texas Cr. Rep. 204, 283 S.W. 2d 763.

The civil cases relied upon may be distinguished from the case at bar because in those cases the evidence was admitted on the issues of the contributory negligence of the person injured and the negligence of the corporation in maintaining a hazardous crossing. As stated, these issues are not present in the case at bar.

Here, we are concerned only with the negligence of the accused and whether or not it meets the test in negligent homicide cases. He does not occupy the position of the plaintiff in a civil action.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant presses upon us his contention that he was entitled to introduce evidence showing that the intersection in question was unusually dangerous and hazardous, and that we erred in reaching a contrary conclusion.

We recognize that similar proof is taken cognizance of in negligence cases. The admission of such evidence is usually founded upon the issue of contributory negligence.

Contributory negligence is not a defense to negligent homicide.

On the other hand, if proof of the extra hazardous condition be admissible upon the issue of contributory negligence it would also be admissible upon the question of negligence of the

accused, on the theory that the greater the hazard the greater is the degree of care required.

It must be remembered that in negligent homicide cases there must be no apparent intent to kill on the part of the accused but there must exist an apparent danger, by reason of the negligent act, of causing the death of the deceased or some other person.

Such being true, then, the evidence in negligent homicide cases should be limited to facts and conditions existing not in the past but at the time the offense was alleged to have been committed.

We remain convinced that we were correct, originally, in affirming the judgment of conviction.

Appellant's motion for rehearing is overruled.