JAMES AUBREY MONROE V. STATE.

No. 29,855. May 28, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 28, 1958.

*Randolph Scott, Charlie T. Davis,* and *Milton K. Norton,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *W. M. Rippey, Clay Scott, Merle Flagg,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is aggravated assault with a motor vehicle; the punishment, 30 days in jail and a fine of $250.00.

The witness Monk testified that on the day in question he was driving his automobile north out of Dallas when a Ford approached from his rear and passed him on the shoulder of the highway to his right; that the Ford was driven by a man, who was the sole occupant; that, after it had passed, the Ford hit a mud hole; that the driver "lost control of his car and careened back across the highway" and "hit this other car," which was traveling south into Dallas; that as the automobile collided he saw a man "flying through the air" from the Ford and land on the shoulder of the highway, where he lay until the ambulance arrived. He testified that the driver of the southbound automobile, who was alone, was injured but could move around. He did not identify the appellant.

Accident Investigator Crenshaw testified that he arrived upon the scene of the collision and found a Ford which had been traveling north and a Chevrolet which had been traveling south, both in a badly damaged condition. He stated that the driver of the Chevrolet was injured but was able to tell him that he had been driving the Chevrolet and that the only other injured party at the scene was the appellant, who was lying on the side of the road, where he remained unconscious until the arrival of the ambulance. He stated further that he smelled intoxicants on the appellant's breath, found an almost empty fifth of whiskey in the Ford, and stated that he found marks which indicated that the Ford had skidded from the right shoulder across the center of the highway a distance of 120' to the point of impact. He further testified that the road at this point was a two-lane paved highway with gravel shoulders.

The driver of the Chevrolet testified that he was driving in his correct lane and had no warning of the collision until lights approached him from his left side.

The appellant did not testify or offer any evidence in his own behalf.

Only two questions are advanced by able counsel in their brief.

It is first contended that the trial court erred in failing to charge the jury on unavoidable accident.

This court, in Mayberry v. State, 156 Texas Cr. Rep. 101, 239 S.W. 2d 111, had before it the question of the propriety of such a charge in cases arising out of the negligent operation of a motor vehicle and held that the question of negligence on the part of the injured party· or any party other than the accused was immaterial. Such rule has been followed in Wilson v. State, 162 Texas Cr. Rep. 204, 283 S.W. 2d 763, and Coate v. State, 165 Texas Cr. Rep. 280, 306 S.W. 2d 727.

Appellant next contends that the court should have charged on the law of circumstantial evidence. This requires more discussion. It must be remembered that Monk testified that the Ford was driven by a man alone whom he saw flying through the air immediately after the collision and who remained where he landed until the arrival of the ambulance. The officer testified that the appellant was lying unconscious on the side of the road and there remained until the ambulance came and that the only other injured party present was the driver of the Chevrolet, who was able to walk and talk. There was only one occupant in each of the wrecked automobiles and only two injured parties at the scene, and, since the driver of the Ford was the only one who remained in one place after the accident and was identified by the officer as the appellant, the State did not have to rely on circumstantial evidence to show that the appellant was the driver of the Ford.

In Cave v. State, 161 Texas Cr. Rep. 107, 274 S.W. 2d 839, we reviewed Pope v. State, 156 Texas Cr. Rep. 597, 245 S.W. 2d 245, and Smith v. State, 161 Texas Cr. Rep. 620, 273 S.W. 2d 623, and held that, where there was only one person in the Ford involved in the collision, and a witness saw two men pull him out of the Ford and put him on the ground, and the officer arrived upon the scene and identified the appellant as the man lying on the ground, the State's case was one of direct and not circumstantial evidence.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.