Leroy PAYNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 36335.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

Rehearing Denied Jan. 29, 1964.

Thomas M. Ryan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for aggravated assault with a motor vehicle; the punishment, sixty days in jail and a fine of $200.

The state's evidence shows that the appellant, while operating a motor vehicle on a four-lane highway within the city limits of Jacinto City, drove across the center of the highway at a forty-five degree angle and struck an oncoming automobile in which the injured party, a boy four years of age, was riding as a passenger. In the collision the young boy received a broken leg and a severe cut on his head and lip, which injuries required his hospitalization for three or four weeks. It was further shown that a blood specimen taken from appellant after the accident, upon being analyzed by Chemist Floyd E. McDonald, was found to contain .10% alcohol. The chemist testified that persons most tolerant to alcohol would be intoxicated at this point.

Testifying as a witness in his own behalf, appellant stated that just prior to the collision, as he was driving on the right side of the highway, he ran into a heavy shower of rain; that he reached to turn on the windshield wiper and it did not work; that he could not see through the windshield; and that as he applied the brakes to slow down he hit the automobile in which the injured party was riding. Appellant stated that some three or four hours prior to the accident he had consumed one drink of whisky with some Seven-Up, but denied that he was intoxicated.

Witnesses called by appellant testified that they had seen him prior to the collision and that at such time he was not intoxicated.

The complaint and information charged the offense in the language of Art. 1149, Vernon's Ann.P.C., and alleged four separate acts of negligence of appellant as causing the injuries to the injured party.

Two of the alleged acts of negligence were submitted to the jury, which, as alleged in the state's pleadings, were that (1) the defendant did fail to guide his said automobile away from said other automobile as a person of ordinary prudence would have done under like circumstances, and (2) said defendant did fail to keep a proper lookout for said other automobile which was then and there on said street and highway and which said other automobile said defendant could have seen in time to avoid running into and striking had said defendant been looking in the direction in which he was going.

■ Appellant excepted to the information on the ground that it did not allege with reasonable certainty the act or acts relied upon to constitute negligence, as required by Art. 408a, Vernon's Ann.C.C.P., and that it attempted to charge more than one offense in the same information, in violation of the statute.

We find no merit in the exceptions, as the acts of negligence heretofore shown were alleged with reasonable certainty.

■ The allegation in the information of the separate acts of negligence did not constitute an allegation of separate offenses but was an allegation of the several acts of negligence and ways appellant committed the one offense of aggravated assault with a motor vehicle charged against him in the information. Jarnigan v. State, 171 Tex. Cr.R. 136, 345 S.W.2d 754.

■ Appellant insists that the court erred in refusing to grant a mistrial after Officer Atkinson, while testifying on direct examination by state's counsel as to how he knew appellant, stated "Just through police work."

The record reflects that the court instructed the jury not to consider the question asked of the witness and his answer, and that the jury was not apprized as to what the officer meant by his answer. The record also affirmatively reflects that the question was propounded to the witness in good faith. In view of the court's instruction to the jury to disregard the question and answer, we perceive no reversible er-

ror in the court's refusal to grant a mistrial.

Complaint is made by appellant to the court's refusal to give his three requested charges which would have instructed the jury, in substance, that if they believed from the evidence or had a reasonable doubt thereof that the collision between the vehicles was due to a sudden emergency or the result of an unavoidable accident, to acquit appellant.

■ The court did not err in refusing to give such requested charges, as, under the holding of this court, a charge on sudden emergency or unavoidable accident is not required in a prosecution of this nature. See: Mayberry v. State, 156 Tex.Cr.R. 101, 239 S.W.2d 111; Wilson v. State, 162 Tex. Cr.R. 204, 283 S.W.2d 763; and Monroe v. State, 166 Tex.Cr.R. 459, 314 S.W.2d 605.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court