## SNODGRASS v. STATE. (No. 12645.)

Court of Criminal Appeals of Texas. June 19, 1929.

Tatum & Strong, of Dalhart, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is getting drunk in a public place; the punishment a fine of $10.

We deem the evidence insufficient. State's witnesses testified that they were driving in an automobile on the Colorado to Gulf Highway in Hartley county when they met appellant and others driving an automobile toward them; that the car occupied by appellant was traveling on the left-hand side of the road; that just before meeting appellant's car it swerved to the right, and then to the left, causing a collision between the cars; that appellant got out of his car and asked the witnesses if they were hurt; that they smelled whisky on appellant's breath. None of these witnesses undertook to testify that appellant was drunk. They expressed no opinion as to the matter at all, although they had carried on a conversation with appellant. Appellant's witnesses testified positively that he was not drunk. The city marshal of Dalhart testified that he saw appellant in Dalhart at 10:30 on the night in question in a pool hall, and that he was in a state of intoxication. This was in a different county and at a place not described in the complaint and information. This witness said he directed appellant to get in his car and go home. He said that appellant got in his car and drove away; his testimony being to the further effect that appellant "could drive his car all right." The collision occurred approximately two hours after the witnesses saw appellant in Dalhart. The failure of the witnesses present at the collision to testify as to whether or not appellant was drunk, considered in connection with the undisputed testimony of appellant's witnesses that he was not drunk at the time and place charged in the complaint and information, would seem to make clear the fact that the state has not discharged the burden of establishing appellant's guilt beyond a reasonable doubt. In the state of the record, we are unable to reach the conclusion that proof that appellant was intoxicated two hours before in another place, when taken in connection with the fact that the city marshal permitted him to drive away in his car, and testified that appellant "could drive his car all right," is sufficient to overcome the presumption of innocence.

The judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.