### ROGER GARRISON V. THE STATE.

No. 19427. Delivered February 16, 1938.
Rehearing denied March 23, 1938.

160

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted by a jury of driving an automobile on a public highway while intoxicated, and his punishment assessed at confinement in the county jail for five days and a fine of $50.

He complains in his brief of the insufficiency of the evidence, and insists that he is entitled to a reversal hereof because of such insufficiency. It is true that many witnesses testified that in their judgment the appellant was not intoxicated at the time charged in the indictment; however, the witness Miss Trudie Chewning testified as follows:

"I am familiar with the smell or odor of whisky or intoxicating liquor. As I neared the defendant I could smell liquor. It was a strong smell. I have seen from time to time people who were under the influence of intoxicating liquors.

"As to the appearance and movements and actions of the defendant that I observed as I went to him, well, when I walked

up to the car he was sitting like this and when I asked him if he wanted to go to the doctor he did like that and said 'I don't know'; he tried to raise his head and he didn't raise it. As to my judgment at that time he was under the influence of intoxicating liquor."

There was other testimony relative to his conduct immediately after the accident which the jury could have also used in substantiating their finding of his intoxication. This matter seems to us to have been a question of fact for the jury to decide on conflicting testimony, and we do not feel justified in disturbing their finding. They saw the witnesses and observed their conduct and demeanor while on the stand; all the circumstances were there revealed to them, and they accepted the testimony favorable to the State, and we will not disturb the judgment on the complained of ground.

Appellant further complains of the court's failure to charge on the law of circumstantial evidence as applied to the facts herein. In our opinion such charge was not called for. Paul Griffin, the driver of the truck with which appellant collided, testified that he saw appellant driving appellant's car towards the witness Griffin about two hundred feet up the road coming in witness' direction. The witness Trudie Chewning testified that she was present at the place of collision while the drivers of both cars were still there, and it could not have been but a short period of time after such collision, the witness Griffin saying it was not over ten minutes after the accident until he had left the scene, and that he left the scene in company with the witness Miss Chewning. It seems to us that this is direct testimony that Roger Garrison was driving this car at the time of the accident, and that within five or ten minutes thereafter he was in an intoxicated condition, and we see no reason why a charge on circumstantial evidence should have been called for.

Appellant further complains in his bill of exception No. 3 of not being allowed to prove that Dave Wright, the owner of the car in which appellant was driving at the time of the accident, was a man who drank whisky. The reason for such proof being desired by appellant was on account of the fact that the sheriff found in said wrecked car soon after the accident, in the glove compartment thereof, a pint bottle of whisky, two-thirds of which had been consumed.

We think this testimony was too remote and speculative, and was not a proper way to prove the fact as to whose whisky it was in said wrecked car. We also note that the appellant vigorously denied that this was his whisky and that he had placed it in said car, or that he knew it was in said car at the time

of the accident. However appellant's testimony shows that he had been in that car with Dave Wright and another person, and had spent most of the morning with them before he borrowed such car at about noon time.

We perceive no error in the record, and the judgment is affirmed.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After a careful re-examination of the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.