W. M. HALLOWAY V. THE STATE.

No. 22045. Delivered November 17, 1943.

354

The opinion states the case.

*Cunningham, Ward & Cunningham,* of El Paso, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was tried before the Judge of the County Court at Law of El Paso County without a jury, and convicted of driving an automobile upon a public highway while intoxicated, and his punishment assessed at a fine of $50.00.

We regard it as unnecessary to set out the evidence at length. It·is sufficient to support the finding of the court that appellant, while intoxicated, drove his car upon a highway of the State. There was a denial of intoxication by appellant, supported by other evidence, upon which the court could have pre-

dicated a judgment of acquittal. This issue of fact having been settled against appellant it will not be disturbed by this court.

The questions presented for review are those raised by bills of exception only. The main point appears to be that raised by bills one and two. Appellant was involved in a collision with another car about one-thirty o'clock at night. Officers were notified and upon arrival arrested appellant and took him to jail. The officers testified that he asked appellant for a specimen of urine and warned him that he did not have to give it, but if he did give a specimen it would be analyzed for alcoholic content and used against him, and that appellant agreed to and did give such specimen. The officers referred to appellant signing what the witness sometimes called a "waiver" and sometimes an "agreement." Whatever instrument appellant signed was not offered in evidence. This specimen of urine was sent to the Laboratory of the Texas State Department of Health at Austin, was analyzed, and the report of the result was used on the trial. The witness who made the analysis was not produced, but appellant admitted in open court, and it is so shown in the bills of exception, that the urinalysis was correct as shown in the report. The State then offered in evidence the report from said laboratory which showed the alcoholic content in the urine to be 24%. No objection was interposed on the ground that the State had not shown a compliance with the statute which excludes confessions made by an accused while under arrest or in jail unless under certain conditions. (Art. 727 C. C. P.) The only objection interposed was that the report "purports to be the report of some formula that is not a proven formula, and in no wise shows how this formula come to be adopted, or the accuracy of it, or the reliability of it, and for the further reason that if the man was intoxicated, it is apparent that he didn't know what he was doing when he signed that consent to take that urine test, and therefore, we feel it's not voluntarily made." The report does not on its face purport to be based on any formula. It only states the result of the analysis of the urine, which analysis appellant admits to be correct. We gather from a discussion of the question in appellant's brief that what he really had in mind was that, admitting that the test showed .24% alcohol in the urine it fell short of proving conclusively that he was intoxicated. The objection went to the weight of the evidence and not its admissibility. The effect of .24% alcohol in the urine depended on other evidence in the record. We are not holding that the presence of the named per cent of alcohol in the urine is conclusive proof of intoxication. If there were no other other evidence than this as to the intoxicated condition

of appellant, we are inclined to the view that a serious question as to the sufficiency of the evidence might be presented; however, it is not necessary to pass upon that question as such other evidence is found in the record. The case of Apodaca v. State, 140 Tex. Cr. R. 593, 146 S. W. (2d) 381, upon which appellant relies seems not in point. No consent to any of the things done by accused in that case was shown.

As to appellant's objection that if he was intoxicated when he agreed to give the specimen of urine it was not a voluntary act on his part we observe that appellant never claimed in his own testimony that he was so drunk he did not know that he consented to give such specimen, or that same was not voluntarily given. He denied in toto that he was under the influence of liquor at all, and testified quite intelligently regarding the accident and the incident of giving the specimen. The holding in the case of Lienpo v. State, 28 Tex. Cr. App. 179, 12 S. W. 588, settles this point against appellant. In that case accused had made a confession, and on the trial claimed that it should not be admitted against him because he was drunk when he made it. This court said, "We think said statements were admissible. * * * That he (Lienpo) was at the time of making said statements in an intoxicated condition did not render his said statements incompetent evidence, as it did not appear that he was intoxicated to that degree that he was incapable of understanding the warning and caution administered to him, nor incapable of making an intelligible statement of the cause and circumstances of the homicide. His mental condition at the time of making said statements was a proper matter for the consideration of the jury in weighing the evidence, but was not a sufficient ground for excluding said statements from the jury."

Bills of exception numbers three and four seem to be without merit and are not thought to require discussion.

Bills of exception numbers five, six, seven and eight complain of the testimony of the witness Falby as to the effect of various percentages of alcohol in the urine, one ground of objection being that the witness was not shown to be qualified to speak upon that point. The bills are somewhat confusing. Appellant having admitted that the chemist's report on the analysis of the urine was correct and showed .24% alcohol, many of the objections seem untenable. The complaint that Falby was without qualification to give his opinion upon the effect of different percentages of alcohol consists of objections upon that ground without a showing in the bill of what the

claimed qualifications were. Upon this point the bills might be disposed of as insufficient. The case was being tried before the court and necessarily he had to hear the witness' testimony regarding his qualification as well as the witness' opinion which—from the statement of facts—appears to have been based partly upon the witness' own observation and partly upon courses he had taken in school. We are inclined to the view that the question turns more upon the weight to be given the witness' opinion than upon his lack of qualification. Bill of exception number eleven is held not to present error. It is a similar complaint as to certain evidence of the witness Carnes upon the ground that the witness was not shown to be qualified to express an opinion on the effect of the presence of .24% alcohol in the urine. This bill does set out the facts as to the witness' qualification. They appear to be sufficient.

In his motion for new trial appellant set up "newly discovered" evidence, and bill of exception number nine complains of the court's action in overruling the motion on this ground. It occurs to us that the court was justified in disregarding that ground of the motion on the proposition that proper diligence would have discovered the presence of this newly discovered witness at the scene of the accident, and inquiry would have resulted in ascertaining what his testimony would be. For the use of diligence in procuring evidence reference is made to 31 Tex. Jur. Sec. 70, p. 268, and cases there cited, and to Branch's Ann. Tex. P. C., Sec. 198; Harris v. State, 117 Tex. Cr. R. 201, 35 S. W. (2d) 1046.

Appellant was charged by complaint and information, in the first count, with driving upon a public road while intoxicated; in the second count, of aggravated assault by driving an automobile upon one Julian Murphy, and in the third count with driving an automobile upon the left side of a public highway at a time when the road on such left hand side was not clear and unobstructed for a distance of fifty yards ahead.

Appellant waived a jury and was tried before the court, and his punishment was assessed at a fine of fifty dollars. The judgment of the court is ambiguous, in this; it adjudges and decreed:—

"* * * that the said defendant is guilty of the offense of driving while intoxicated, aggravated assault with an automobile, and driving on left side of road, and that he be punished by a fine of Fifty Dollars ($50.00) on the first count.

"Defendant was found not guilty on the second and third counts of the information.

"It is therefore considered, ordered and adjudged by the Court that the State of Texas, do have and recover of and from the said defendant said fine of Fifty Dollars ($50.00) * * *," etc.

It is clear from the record that appellant was only adjudged guilty of driving while intoxicated, and said judgment will be reformed so as to adjudge him to be guilty of that offense. As thus reformed, the judgment is affirmed.