### ERNEST RAYMOND FLUITT v. STATE

No. 31,391. February 10, 1960
Motion for Rehearing Overruled March 30, 1960

*Joe Burkett,* San Antonio, for appellant.

*Charles J. Lieck, Jr.,* Criminal District Attorney, *James P. Gutierrez,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, six days in jail and a fine of $50.00

The witness Barloco testified that an automobile pulled out in front of him at an intersection, that he applied his brakes but was unable to avoid a minor collision with said motor vehicle, that appellant was the driver whose breath smelled of intoxicants, that he left the scene to call the police and upon

his return observed appellant who had gotten out of his automobile as he slipped off the sidewalk, that when the police arrived appellant "balanced himself against the car" and expressed the opinion that appellant was intoxicated.

Officer May testified that when he arrived upon the scene he saw appellant "walking all over the sidewalk, off and on," that appellant's eyes were red, that he could not "stand up straight without holding on to the car," that he smelled intoxicants on his breath, formed the opinion that he was intoxicated, and carried him to the station where appellant staggered when he got out of the car and "I helped him upstairs."

Officer Whitworth testified that when appellant arrived at the station he consented to the taking of a Harger breathmeter test, which he gave appellant and turned the results of such test over to his superior, Lieutenant Morales.

Lieutenant Morales, who had $2\frac{1}{2}$ years in chemistry at St. Mary's University, who had attended special schools at Northwestern University relating to the giving of tests for alcohol, and who had been in charge of training and supervising operators of the Harger breath tests in San Antonio since 1954, testified that he tested each batch of potassium permanganate used in such tests by the police and had trained Officer Whitworth in giving the test. He testified that he weighed the askerite tube used in appellant's case and interpreted it to show that appellant had .42 per cent alcohol in his blood, which was indicative of intoxication.

The witness Balcomes testified that he was drinking beer with appellant at a bar on the night in question, that appellant had "not over three," that appellant was not intoxicated, and that he had just gotten out of appellant's automobile when the collision occurred.

Appellant's brother, who was also drinking beer with the others, said that appellant "drank three while he was with me" and that he had never seen appellant drunk.

Appellant, testifying in his own behalf, stated that he had "about three beers" on the night in question and had driven a truck to Harlingen that night after he was released on bond at about midnight. He stated that at the time he took the Harger test at the police station he had the hiccoughs, as he

sometime did when he was drinking, but denied that he was intoxicated. He also called Dr. Neville Murray, a psychiatrist, who testified that he was acquainted with the Harger drunkometer but did not consider himself an expert on the test, that .42 per cent would be an abnormally high reading for one who had consumed only three bottles of beer, that there was a variance in the results depending upon the skill of the interpreter and the correct compounding of the chemicals, and that if the patient were hiccoughing when given the test the reading would be higher than normal.

Special reliance is had by appellant upon the opinion of this court in Hill v. State, 158 Tex. Cr. Rep. 313, 256 S. W. 2d 93.

Officer Whitworth in the case at bar, who had had a year and a half of experience in giving the Harger test, appears to have been qualified on a par with Officer Barnett in Hill. There, we said, "Appellant does not question, and neither do we, Officer Barnett's ability to conduct the test to this point." While we do not, of course, find Lieutenant Morales as qualified as Dr. Beerstecker in McKay, we do find that from his studies and his years of experience with the Harger tester he was qualified to test the chemicals, provide the supervision over the operator, and translate the reading of the machine into percentage of alcohol in the blood.

We cannot consider the reading of .42 as a patent mistake on the part of the breathmeter, the operator or the interpreter, because the jury were not bound to accept the testimony of appellant and his witnesses that he had drunk only three beers on the night in question. The jury were also authorized to conclude that appellant had sufficiently sobered up following his arrest in order to drive to Harlingen, if in fact they did believe that he went.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.