## WILLIAM EDWIN FLACK V. STATE

No. 31,476. February 10, 1960
Motion for Rehearing Overruled March 23, 1960

*Chas. H. Dean,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for driving while intoxicated; the punishment, 10 days in jail and a fine of $250.

Appellant's appeal is predicated upon the sole contention that the court erred in refusing to give his requested charge on circumstantial evidence.

The state's witness, Mildred Tull, testified that on the day in question she went with the appellant in a pick-up truck to Hale Center to get her sister-in-law, Mrs. Jessie Duncan; that after they picked up Mrs. Duncan at the home of a Mrs. Anderson the three drove around and while appellant was driving the pick-up on a country road the vehicle ran into a

barrow ditch. Highway patrolmen R. C. Dunn and Carl Mullins testified that on the day in question they came upon the damaged pick-up around 12:45 P.M. parked on the side of the public road and at such time the two women were seated in the pick-up and appellant was on the outside. Each patrolmen testified that he observed the appellant's conduct, demeanor and speech at the time and based upon his observation expressed his opinion that at such time appellant was intoxicated.

Mrs. Juanita Anderson, to whose home the appellant and his companion, Mildred Tull, had gone that morning testified that when she saw the appellant around 10:30 A.M. she observed his appearance and that he "reeled back and forth and nodded." She expressed her opinion that at such time the appellant was intoxicated. Deputy Sheriff Clinton Dyer testified that he observed the appellant after he was brought to jail by the two patrolmen and expressed his opinion that appellant was at that time intoxicated.

Under the evidence presented the court did not err in refusing the appellant's requested charge on circumstantial evidence.

The testimony of the state's witness Mildred Tull, that appellant was the driver of the pick-up constituted direct evidence on that issue. The testimony of Mrs. Anderson, in which she expressed her opinion that appellant was intoxicated when she observed him at her home prior to his arrest and of the two highway patrolmen and the deputy sheriff who stated that in their opinion he was intoxicated when they observed him at the time of and after his arrest was tantamount to direct evidence on the issue of his intoxication while driving the pick-up on the occasion in question. Under such testimony a charge on circumstantial evidence was not required. See Cave v. State, 161 Tex. Cr. R. 107, 274 S.W. 2d 839 and Hayes v. State, 162 Tex. Cr. R. 660, 288 S.W. 2d 771.

Finding the evidence sufficient to support the conviction and no reversible error appearing; the judgment is affirmed.

Opinion approved by the Court.