JAMES M. CLARK v. STATE

No. 32,829. January 25, 1961

*Sexton & Owens,* by *Paul R. Owens,* Orange, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving while intoxicated; the punishment, 5 days in jail and a fine of $150.

The evidence shows that an automobile traveling at a high rate of speed (one witness testified "doing a good 90 miles an hour") struck the rear of a pickup truck which was pushing an automobile in an effort to get the motor started.

There was but one occupant of the speeding car.

C. M. Darden, Jr., and his father witnessed the collision from their home. Darden Jr. testified that he immediately drove to the scene of the collision, some 600 yards away, where he met appellant between his car and the pickup and asked appellant who was driving the car "and he said he was. * * * He said 'I was driving the car.'"

Darden Sr. went to the scene after calling one Noguess. He testified that he saw appellant there. "I started looking for the ones that were hurt for the ambulance to pick up and I run by the pickup and passed the car setting Mr. Widner's drive, and I saw him coming back."

Mr. Darden further testified that appellant said: "Them people ought not to have been in the highway stopped," and he said "They wasn't stopped, you was lowering the boom on them;" that appellant asked him to make a statement that the people were stopped. "I asked him if he was driving the other automobile and he said 'That's right, and I went and made an apology for that wreck.'"

The witness Darden also testified that the driver was the only person in the speeding car; that he could not "straight out come out and identify him as he went by;" that appellant told him he was driving and he had some blood on his arm and forehead.

Charles Regusa, who owned the pickup truck and also owned and was driving the car being pushed, testified that while he was looking for his neighbor Morgan Ness, the driver of the truck, and was asking for him, the appellant "walked up to me and said, 'I was driving the car.' and I said 'Are you hurt?' and he said, 'No.'"

We overrule the contention that the evidence is insufficient to sustain a finding by the jury that the appellant drove an automobile on a public highway at the time in question, and point out that the appellant's statement that he was the driver of the automobile involved in the collision was a res gestae statement as well as a statement in the nature of an oral confession.

We also overrule the contention that the trial court erred in failing to charge on circumstantial evidence by reason of the proof that he was the driver.

There was sufficient evidence also to sustain the jury's finding that appellant was intoxicated.

The witness Regusa testified that he observed him, smelled alcohol about his breath and saw him "staggering around." He expressed the opinion as to his sobriety: "Well, I think he had a little more than he should have to be under the wheel, is my opinion of it. I don't think he should have been under the wheel in driving a car. He was really too far for that from my observation of him."

Darden Sr. testified "I saw he was staggering—he was pretty tight."

Darden Jr. testified: "I could tell he was drunk—by the way he was staggering" but did not get close enough to smell his breath.

City Marshal Cox of Pinehurst, who investigated the accident, testified that he smelled intoxicants on appellant's breath and observed him walk: "I didn't know when I first saw him whether he might have been intoxicated or injured"; that he asked appellant if he was injured and he said he wasn't; that he had observed people under the influence of intoxicating liquor on many occasions and from his observation of appellant on the occasion in question: "Well, I certainly thought he was intoxicated or I wouldn't have charged him with D.W.I." It was brought out on cross-examination that Officer Cox offered to give appellant a urine test, but he refused it.

Sheriff Holts, who saw appellant after his arrest testified that he smelled "some kind of strong alcohol on his breath - - - I was talking to the man and I had to run out of the way to keep him from urping on me in the office"; that "he was to far gone, he was far from being on the border line. The man was drunk while he was in that office."

Appellant's remaining contention is that there was no evidence that the offense charged was committed in Texas.

While the state was not mentioned, the evidence shows that the collision occurred on the outskirts of Orange on Highway 90, in Orange County, Highway 90 being "a public highway open to the public to travel to and from Beaumont."

No issue was raised in the trial court before verdict concerning proof of venue. If, however, appellant is in position to complain that the venue was not proved because it was not shown that the place in question was in Texas, we find the evidence

stated sufficient. We take judicial knowledge that Orange is the county seat of Orange County and Beaumont the county seat of Jefferson County, and that a point on Highway in Orange County, between said cities, is in the State of Texas. See Carpenter v. State, 169 Tex. Cr. Rep. 283, 333 S.W. 2d 391.

The judgment is affirmed.