## JAMES MARS RATLIFF V. STATE

No. 32,893. February 1, 1961

Motion for Rehearing Overruled March 15, 1961

*Chas. H. Dean,* Plainview, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of fifty dollars.

Mrs. Clark Cates testified that when she stopped her car at a stop sign, while driving upon a public street, her car was struck in the rear by a pickup in which she saw the appellant alone and seated under the steering wheel upon going immediately to the pickup.

A nearby resident who heard the collision but did not see it, went immediately to the scene where he saw Mrs. Cates and the appellant who was between the car and the pickup trying to disengage the bumpers.

The evidence shows that three peace officers arrived at the scene within a short time, that appellant was there, and that a part of a fifth of whiskey was found in the pickup. Their testimony shows that they observed appellant walk, heard him talk, smelled the odor of whiskey on his breath and expressed the opinion that he was intoxicated.

Appellant did not testify but called three witnesses who testified that they saw him shortly before the collision, that they had an opportunity to observe his actions and conduct, and expressed the opinion that he was not intoxicated. He also called two reputation witnesses and they further stated that he had been mentally disturbed because of the serious illness of his wife.

It is insisted that there is no direct evidence that the appellant was driving the automobile. Therefore the trial court erred in not responding to his objections to its failure to charge on circumstantial evidence.

It is concluded that the facts and circumstances are sufficient to constitute direct evidence that the appellant was driving the automobile and a charge on circumstantial evidence was not required. Smith v. State, 161 Tex. Cr. R. 620, 273 S.W. 2d 623.

The complaint of the court's refusal to permit appellant's witness Webster to answer a question inquiring about appellant's condition of sobriety shortly before the collision cannot be sustained as there is no showing what Webster's answer would have been had he been allowed to reply.

The evidence is sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.