Andrew J. MAGHE, Appellant,

v.

The STATE of Texas, Appellee.

No. 36765.

Court of Criminal Appeals of Texas.

April 15, 1964.

H. B. Porter, Dumas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 802b, Vernon's Ann.P.C., for the felony offense of driving while intoxicated; the punishment, three years in the penitentiary.

The state's evidence shows that on the night in question, a large trailer truck, operated by the state's witness Clifford Knisley, became stalled on U. S. 87 near the town of Hartley in Hartley County. The driver immediately set out flares to the front and side of the truck and had the blinker lights on the vehicle operating. Around 12:15 a. m., while he was waiting for a tow truck and directing traffic with a flashlight, an automobile being driven by appellant at a high rate of speed approached on the highway and ran into the truck. Immediately after the collision, appellant was seated under the steering wheel, his wife was in the front seat on the passenger side, and his young child, who was killed in the accident, was on the back seat. Appellant had a strong odor of alcohol on his breath. Appellant and his wife and child were taken from the scene to a hospital in Dalhart. While in the hospital, appellant was very belligerent and constantly used profane language.

Highway patrolman Martin Exum testified that after going to the scene of the wreck he and his partner, patrolman Pat Rundel, went to the hospital, around 2:30 a. m., and, in talking to appellant, he asked him if he wanted a blood test. Appellant stated that he did, saying " 'Take all the blank blank stuff that you want.' " A specimen of blood was then taken from him by a nurse, placed in a vial, and, after being properly sealed and labeled, was mailed to the Department of Public Safety at Lubbock. Patrolman Exum expressed the opinion that appellant was at such time intoxicated.

Patrolmen Randel testified that he was present when Patrolman Exum asked appellant if he would submit to a blood test and that appellant's response to the question was " 'Yes, you can take all the * *

blood you want.' " He also expressed the opinion that appellant was under the influence of alcohol.

The witness E. B. Wadkins, the ambulance driver who took appellant from the scene of the wreck to the hospital, expressed his opinion that appellant was intoxicated.

The witness Jerry West, who assisted in carrying the injured parties to the hospital, also expressed his opinion that appellant was intoxicated.

Judy Brownson, the nurse who took the blood specimen from appellant in the hospital, testified that at such time appellant had the smell of alcohol on his breath, he was "cursing and thrashing about in the bed," and she expressed her opinion that on such occasion he was intoxicated.

Another nurse, Sara Welling, expressed her opinion that appellant was intoxicated.

It was shown that the blood specimen taken from appellant upon being examined by chemist and toxicologist Eldon Straughn, of the Texas Department of Public Safety, was found to contain .21% alcohol. The chemist testified that in his opinion the person from whom the blood specimen was taken was intoxicated.

It was further shown that on the night in question, prior to the accident, appellant was in the Mint Bar in Dalhart, drinking beer and around 11:30 p. m., the bartender "cut him off" because he had had enough to drink.

The witness Dick Mahoney testified that in his opinion appellant was intoxicated when he left the place shortly after midnight.

Proof was made by the state that on September 19, 1949, appellant had been finally convicted in the county court of Moore County of the misdemeanor offense of driving while intoxicated.

Appellant did not testify or offer any evidence in his behalf.

**646**

Appellant insists that the court erred in admitting the evidence showing the results of the blood test because the state did not prove that he consented to the test.

We find no merit in this contention, as the testimony of the two highway patrolmen shows that appellant orally consented to give the blood specimen. Their testimony was not controverted. The consent of an accused to the taking of a blood test is not required to be in writing. Mora v. State, 159 Tex.Cr.R. 321, 263 S.W.2d 787. It is held that the confession statute, Art. 727a, Vernon's Ann.C.C.P., has no application to obtaining consent to take a blood specimen for analysis. Heath v. State, 156 Tex.Cr.R. 563, 244 S.W.2d 815; Monett v. State, 168 Tex.Cr.R. 124, 323 S.W.2d 456.

Appellant further complains that the court erred in failing to submit to the jury an issue as to whether the blood sample was taken with his consent.

The testimony of the two highway patrolmen that appellant did consent to take the blood test was not disputed. The court did not err in refusing to submit such issue to the jury.

Nor did the court err, as contended by appellant, in refusing to charge the jury upon the law of circumstantial evidence because there was no direct evidence that he was the driver of the automobile. The truck driver, Knisley, gave direct testimony that appellant was the person driving the automobile. Further, appellant's identity by the truck driver as the man who was seated under the steering wheel of the automobile immediately after the collision was sufficient to take the case out of the rule of circumstantial evidence. Pope v. State, 156 Tex.Cr.R. 597, 245 S.W.2d 245.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.