Robert Kale SHAWHAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 38327.

Court of Criminal Appeals of Texas.

June 9, 1965.

Rehearing Denied Oct. 13, 1965.

No attorney of record on appeal for appellant.

Henry Wade, Dist. Atty., Don Koons, John Emmett and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, four days in jail and a fine of $200.00.

Patrolman Wade of the Dallas Police testified that while on duty at 2:45 a. m. on the night in question he observed an automobile approaching a stop sign at a speed in excess of 50 miles per hour, that when its brakes were applied he could hear the tires "squealing", and that after the automobile passed the stop sign it turned off on a service road, came to a halt in the center of such road and extinguished its lights. He stated that he asked the appellant, who was alone, if he was in trouble, and, upon receiving a negative reply, asked appellant to get out of the automobile. When he did Wade observed that he was unsteady on his feet, that his face was flushed and his eyes bloodshot; he also detected an odor of alcohol on his breath and expressed the opinion that appellant's answers to his questions were "confusing and slurry" and that appellant was intoxicated. Wade testified that he gave appellant an intoximeter test at the scene and that as the result of the visual preliminary color change test, appellant was brought to jail. The chain of custody of the test was proven, and Dr. Mason testified that he made an analysis of the test and found that it indicated that the person who had taken the test had a blood alcohol concentration of .176 per cent, which was indicative of intoxication. The State's case is in many respects similar to the one before this Court in Jackson v. State, 159 Tex. Cr.R. 228, 262 S.W.2d 499.

Appellant testified that he was suffering from an inflamed wisdom tooth on the day in question, that he was given emergency treatment by his dentist, that he had attended a party that night as a matter of obligation and that while there had consumed two cups of punch, but that he was not intoxicated. In all of this he was corroborated by his dentist and others who had attended the party, but it was proven through them that the punch contained some form of alcohol. Appellant testified that he took his wife home after the party and later in the night went for a drive to relieve his mind from his toothache, that he did not see Patrolman Wade's patrol car and that he came to a stop off the service road to change his shoes and to think.

The sole question presented for review is the sufficiency of the evidence to support the conviction. Without the scientific evidence, a jury might well have considered appellant's testimony and that of his impressive array of witnesses more favorably, but they have decided the issue adversely to appellant, and we find it sufficient as we did in the case cited above.

The judgment is affirmed.