**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**James R. PLEDGER, Defendant-**
**Appellant.**

**No. 26483.**

United States Court of Appeals
Fifth Circuit.

April 22, 1969.

6. K.S.A. 59–502, 59–506.

7. K.S.A. 59–1405.

8. K.S.A. 59–617.

9. K.S.A. 59–617, 59–2239.

**1336**

Buck C. Miller, Houston, Tex., for defendant-appellant.

Morton L. Susman, United States Atty., Ronald J. Blask, Malcolm R. Dimmitt, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

PER CURIAM:

Defendant-appellant, James R. Pledger, was found guilty by a jury of the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with Robert J. Rayburn, a revenue officer of the Internal Revenue Service of the United States Treasury Department, knowing him to be such an officer, while he was engaged in the

performance of his official duties, in violation of Title 18 U.S.C. § 111.

Appellant contends that the District Court erred in permitting the government, during cross-examination, to ask him why he had not stated, at the time of the assault or his subsequent arrest, that he thought Agent Rayburn was a hijacker.

When an accused testifies voluntarily he waives his privilege against self incrimination, and his failure to deny or explain evidence against him, which he might naturally explain, is open to adverse inference.[1]  In Grunewald v. United States,[2] the Supreme Court, although holding that the District Court had abused its discretion in admitting prior inconsistent statements of the defendant, held that the scope and latitude of cross-examination should be left to the discretion of the trial judge unless its probative value is far outweighed by the possibility that the jury might make impermissible use of the testimony.  It does not appear that the District Court abused its discretion in admitting such evidence of appellant's failure to assert his alibi upon arrest.

Appellant further contends that the District Court erred in refusing to charge the jury that he had the right to use reasonable force in ejecting the agent when he remained on the appellant's property after having been requested to leave.  However, it was a question of fact for the jury to decide as to whether the agent was performing his official duties at the time of the assault.[3]  The District Court properly charged the jury that they must find beyond a reasonable doubt that the agent was engaged in the performance of his official duties at the time of the assault in order to return a verdict of guilty.  Consequently, the issue of the use of reasonable force to eject a trespasser was not before the court.

1.  Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917).

2.  353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 391 (1957).

3.  Foster v. United States, 296 F.2d 65 (CA 5–1962).

Finally, appellant contends that Rayburn was not engaged in the performance of his official duties because of his failure to comply with 26 U.S.C. § 7605(b), which provides that only one inspection of a taxpayer's books may be made for each taxable year unless the Secretary or his delegate notifies the taxpayer in writing. Although appellant's books had been inspected once during the year, written notice was not required in this instance because the agent was not seeking to inspect appellant's books—he was merely seeking to learn why an excise tax return had not been filed by Pledger for the fourth quarter of 1966.[4]

The judgment is affirmed.

---

4. Summers v. Looker, 231 F.Supp. 513 (N.D.W.Va.–1964).