**Herman GILDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44342.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Sam H. Bass, Freeport, for appellant.

Ogden Bass, Dist. Atty., and Billy M. Bandy, Asst. Dist. Atty., Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

The appellant was convicted for the misdemeanor offense of driving a motor vehicle on a public highway while under the influence of intoxicating liquor; the punishment, 3 days in jail and a fine of $150.00.

The sufficiency of the evidence is challenged. This ground of error is ". . . that there is no testimony from any witness that the defendant was intoxicated . . ."

During the direct examination of the arresting officer, after he had testified to the stopping of the car, he was asked: "From your memory, how would you describe the driver of the automobile?" He answered: "In my opinion, the driver (appellant) was very intoxicated."

An objection that the answer was not responsive was sustained. A request to strike that testimony was granted. Thereafter, no witness was interrogated concerning his opinion of the appellant's condition as to intoxication or sobriety.

■ In the absence of direct (opinion) testimony intoxication may be shown by circumstantial evidence. However, compare Thompson v. State, Tex.Cr.App., 365 S.W.2d 792; and Warren v. State, 131 Tex.Cr.R. 303, 98 S.W.2d 197.

This court in Padillo v. State, 420 S.W. 2d 712, reversed an order revoking probation where there was no opinion testimony that the defendant was drunk. In Padillo v. State, supra, at page 713, the court, speaking through the then Presiding Judge Woodley, stated:

"Neither of the patrolmen testified or expressed the opinion that appellant was drunk; intoxicated or under the influence of intoxicating liquor at the time they 'handled' him, and no evidence is found in the record (unless it be the length of their service as patrolmen, one 18 months and the other 20 months) as to their qualifications to form or express an opinion as to a person's condition of sobriety."

■ We conclude the evidence was insufficient to support the verdict.

■ Also, it is urged that the trial court erred in not striking the testimony offered by the state of the result of the "breathalyzer test" administered to appellant. The only testimony concerning the result of the test was as follows:

"Q. You recall the result of the test?

"A. Yes, sir, I do.

"Q. What was the result?

"A. .22 of 1%, 22/100 of 1%."

The record reflects the following when the evidence was concluded at the guilt-innocence stage of the trial:

"MR. BASS: At this point, Your Honor, the defendant moves the Court to instruct the Jury not to consider for any purpose the breath test or any evidence pertaining thereto, for the reason that there is no testimony to show that the test indicates intoxication from any witness úpon the stand, and that as result thereof this evidence concerning the breath test and the results thereof should not be considered to determine the guilt or innocence of this defendant. ·

.    .    .    .    .    .

"THE COURT: The motion is overruled.

"MR. BASS: Note the exception."

Since there was no expert testimony offered that the result of the test showed intoxication, the motion should have been granted and the evidence should have been excluded.[1]

---

1. Chapter 709, Acts of the 62nd Legislature, R.S.1971, amending Sections 2 and 3, Chapter 434, Acts of the 61st Legislature, R.S., 1969 (Art. 802f, Vernon's Ann.P.C.) providing that ". . . evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in a person's blood, it shall be presumed that the person was under the influence of intoxicating liquor." became effective June 7, 1971, and is not applicable to this case which was tried on September 16, 1970.

For the reasons stated, the judgment is reversed and the cause remanded.

ONION, Presiding Judge (concurring).

I concur in the result of Judge Odom's opinion reversing this conviction.

This misdemeanor appeal has badly divided the court as to the sufficiency of the evidence to sustain the conviction. Much of the difficulty arises out of the manner in which the case was tried. Sgt. Cleckler, Texas Highway Patrol, was asked on direct examination: "From your memory how would you describe the driver of the automobile?" He answered: "In my opinion, the driver was very intoxicated." The objection that such answer was not responsive was sustained and the testimony stricken by the court. The jury was instructed to disregard the answer. While the question could have been more artfully framed, the answer appears responsive. Such opinion testimony would have been tantamount to direct evidence of intoxication. Thompson v. State, Tex.Cr.App., 365 S.W.2d 792.[1] Nevertheless, it was removed from the jury's consideration and for reasons not apparent from this record the prosecutor never reframed his question or attempted to elicit opinion evidence from either Sgt. Cleckler or Officer Wyatt.

Over objection that Sgt. Cleckler's qualifications to administer the breathalyzer test were not properly established, Cleckler was permitted to testify he administered the test and the result showed ".22 of 1%, 22⁄100 of 1%." Neither he nor any other witness testified that the result of the test was such as to indicate or show intoxication according to any standard. On this basis the appellant moved the court to strike such testimony as to the test. The court erroneously overruled the motion, leaving the evidence for the jury's consideration. Although the evidence was entirely circum-

stantial, the court did not so charge the jury nor was such a charge requested.

Judge Odom, relying upon Padillo v. State, Tex.Cr.App., 420 S.W.2d 712, found the evidence insufficient to sustain the conviction. His sincere concern about lowering previous standards for the trial of such cases is evident.

The dissents characterize his opinion as holding that the offense of driving a motor vehicle upon a public highway while intoxicated cannot be proved by circumstantial evidence.

Judge Dally, who prepared the original opinion in this case, found that the evidence was "certainly not overwhelming" but concluded that there was sufficient circumstantial evidence to support a jury finding of guilty, citing Minor v. State, 167 Tex.Cr.R. 344, 320 S.W.2d 347 (Tex.Cr. App.1959), in which there was direct evidence in the form of opinion testimony. See Thompson v. State, supra.

Judge Douglas in his dissent adopts the Dally opinion but then states, "It is hard to conceive a fact situation where circumstantial evidence of intoxication is stronger." However, in addition to the facts and circumstances surrounding appellant's arrest, etc., Judge Douglas, citing federal cases, finds it necessary to rely upon the fact that the appellant, who pleaded not guilty and who took the stand and testified he was not the driver of the car, did not switch places and had only "two or three beers," did not expressly while testifying deny every bit of incriminating evidence previously offered against him, i. e., erratic driving, etc. This circumstance, if permissible for consideration by Texas jurors, would not be available where an accused does not take the witness stand.

While it is difficult to find a case where a conviction for driving while intoxicated

---

1. Cf., however, Carter v. State, 172 Tex. Cr.R. 95, 353 S.W.2d 458, where the State's case was described as one of circumstantial evidence even though there was opinion evidence as to intoxication from the arresting officer and another witness.

has been upheld in absence of opinion testimony or the results of properly proven chemical tests for intoxication, I do not doubt that the elements of the offense may be proved by circumstantial evidence.

In Warren v. State, 131 Tex.Cr.R. 303, 98 S.W.2d 197 (1936), where the defendant (a passenger in the car) was convicted as principal to murder (Article 802c, V.A. P.C.), this court, in reversing, said "No witness testified that Moore (the driver) was drunk at the time of the collision. That he was in an intoxicated condition was proved as a matter of inference from other facts in evidence. Upon another trial, if the testimony is the same, the court should submit an instruction embracing the law of circumstantial evidence."

Warren was cited with approval in Thompson v. State, 365 S.W.2d 792 (Tex. Cr.App.1962).

In another Warren v. State, 367 S.W.2d 685 (Tex.Cr.App.1963), it was held that in absence of direct evidence that the defendant was the driver of the car in question he was entitled to an instruction on circumstantial evidence.

For driving while intoxicated cases where it was held that under facts and circumstances presented no charge on circumstantial evidence was required, see Inness v. State, 106 Tex.Cr.R. 524, 293 S.W. 821; Garrison v. State, 134 Tex.Cr.R. 159, 114 S.W.2d 557; Kimbro v. State, 157 Tex. Cr.R. 438, 249 S.W.2d 919; Humphrey v. State, 159 Tex.Cr.R. 396, 264 S.W.2d 432; Smith v. State, 162 Tex.Cr.R. 237, 283 S.W. 2d 936; Hayes v. State, 162 Tex.Cr.R. 660, 288 S.W.2d 771; Reneau v. State, 167 Tex. Cr.R. 531, 321 S.W.2d 886; Flack v. State, 169 Tex.Cr.R. 201, 332 S.W.2d 704; Clark v. State, 170 Tex.Cr.R. 456, 342 S.W.2d 332; Ratliff v. State, 171 Tex.Cr.R. 13, 343 S.W.2d 465; Bailey v. State, 171 Tex.Cr.R. 290, 349 S.W.2d 602; Johnson v. State, 172 Tex.Cr.R. 201, 355 S.W.2d 191; Maghe v. State, Tex.Cr.App., 377 S.W.2d 644.

The alleged offense in the instant case occurred on March 29, 1969, and the trial commenced on September 9, 1970. Sgt. Cleckler was unable to identify the appellant. His description of acts indicating intoxication were attributed only to "the man" or "the driver." When asked if the appellant was present in the courtroom Officer Wyatt stated "I assume he is" and "I believe this is Mr. Gilder here." To whom he pointed is not reflected by the record. Only after being pressed by the prosecutor did he. indicate he was certain as to identification. Subsequently he acknowledged he had not talked to the appellant at the time of arrest but had talked to the passengers in the car but he could not remember who they were. He testified he observed a movement in the front seat and appellant was found in the front passenger's seat when the officers approached the car in question. As earlier noted, there was no opinion testimony as to intoxication by either officer. Officer Cooley, who was also present at the time of arrest and who swore to the complaint upon which the instant information is based, was not called as a witness nor was an account made of his absence.

While I share Judge Odom's concern about the sufficiency of the circumstantial evidence, I do not necessarily rest my concurrence upon this basis nor upon the rule discussed in 24 Tex.Jur.2d, Sec. 745, p. 427. There it is written:

"Where the circumstantial evidence relied upon by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction." See also Ysasaga v. State, 444 S.W.2d 305 (Tex. Cr.App.1969); Hollingsworth v. State, 419 S.W.2d 854 (Tex.Cr.App.1967); King v. State, 396 S.W.2d 409 (Tex.Cr.

App.1965); Ramirez v. State, 163 Tex. Cr.R. 109, 289 S.W.2d 251 (1956).

I do base my concurrence upon the trial court's failure to strike the testimony concerning the breathalyzer test.

At the time this State had no statutory standards providing the minimal percentage of blood alcohol necessary to establish a prima facie presumption of intoxication. See "Construction and Application of Statutes Creating Presumption or Other Inference of Intoxication from Specified Percentages of Alcohol Present in System," 16 A.L.R.3d 748 (1967). It is to be weighed by the trier of fact and assigned the degree of credibility that the trier of fact desires. Halloway v. State, 146 Tex.Cr.R. 353, 175 S.W.2d 258 (1943); Miller v. State, 170 Tex.Cr.R. 406, 341 S.W.2d 440 (1960).

"In absence of such a statute the prosecutor must insure that his expert testimony makes clear to the trier of the fact the psychophysical effects of alcohol on humans, the specific effects on the central nervous system of a given percentage of alcohol in the blood, and the precise effect that the accused's blood alcohol level has upon the average person's conduct." Moses, Scientific Proof in Criminal Cases —A Texas Lawyer's Guide (1969).

In Hill v. State, 158 Tex.Cr.R. 313, 256 S.W.2d 93 (1953) this court discussed the necessary predicate for the admissibility of an interpretation of the results of a breath test. It was held the State must show (1) the use of properly compounded chemicals; (2) the existence of periodic supervision over the machine and operation by one who understands the scientific theory of the machine; (3) proof of the result of the test by a witness or witnesses qualified to translate and interpret such result so as to eliminate hearsay.

An officer may administer a breath test even though he is not otherwise qualified to interpret the results, Jackson v. State, 159 Tex.Cr.R. 228, 262 S.W.2d 499 (Tex.Cr.App. 1953); Shawhan v. State, 393 S.W.2d 921 (Tex.Cr.App.1965), and the standards required to qualify one to administer the test are far less than those qualifying to interpret the results. Fluitt v. State, 169 Tex. Cr.R. 259, 333 S.W.2d 144 (1960). See now Article 802f, V.A.P.C., effective June 7, 1971.

Sgt. Cleckler testified he "attended a week school on the breathalyzer operation" and was a qualified operator apparently with the Department of Public Safety, but whether the qualification was prior to the administering of the test in question is not revealed by this record. Over objection he was permitted to testify. When asked if the correct chemicals were used he stated, "To the best of my knowledge, this is the proper chemicals for the test"; that the chemicals came from a storage locker in Houston under the control of "the Lieutenant." He testified the test was administered almost an hour after the arrest and then gave the results. As noted, no witness, qualified or otherwise, gave an interpretation of the results.

The court denied the motion to strike such testimony and allowed the jury to consider the same in their assessment of the evidence in an otherwise highly circumstantial evidence case. In so doing, the court erred. For this reason I concur in the opinion reversing this cause.

DOUGLAS, Judge (dissenting).

The opinion as originally prepared by Judge Dally as a Commissioner for this Court, omitting the formal parts, is adopted as a part of this, the dissenting opinion:

[The appellant challenges the sufficiency of the evidence, his statement of this ground of error being " . . . that there is no testimony from any witness that the defendant was intoxicated . . . . "

State Highway Patrolmen Wyatt and Cooley and their supervisor, Sergeant Cleckler, were cruising in a Highway Patrol car, about three miles north of Alvin,

in Brazoria County, on State Highway 35. The officers observed a car approaching them on that highway. The driver of the car refused to dim its lights, after the driver of the patrol car had twice signaled him to do so. The officers turned the patrol car around and followed this car. They observed that the car they were following was weaving on the road. After traveling "approximately a quarter to a half mile" they used the red lights on the patrol car and the car they were following pulled over and stopped. There were three people in the car. Two men were in the front seat and a woman was in the back seat.

As soon as the car stopped, Sergeant Cleckler observed "the driver and passenger switch places right fast." Sergeant Cleckler testified the driver of the car "wasn't walking properly, I wouldn't say stumbling, but very unsteady on his feet. His clothes were disarrayed, he just didn't handle himself proper or what I would consider good . . . I observed he was unsteady on his feet, he could not walk properly, he held his head down most of the time, he did not speak unless he was urged to, he had a very strong odor of alcohol beverage about him; after he, well, after the arrest he passed out in the car on the way to the jail."

The driver was taken to the Highway Patrol office in Angleton. After the driver had signed a written statement giving consent for the test, Sergeant Cleckler administered a "breathalyzer test" to him. The Sergeant testified the result of the test showed ".22 of 1%, $^{22}/_{100}$ of 1%."

Officer Wyatt observed the appellant's vehicle "was suspicious, driving all over the road, we didn't know what we might have in the automobile." Immediately after the automobile had been stopped, Officer Wyatt also observed the driver and passenger in the front seat change positions. He testified that appellant's speech was "slurred and, I could smell alcoholic beverage on his breath, and he was unsteady on his

feet at the time." Wyatt also noticed that the other two occupants of the car had been drinking.

The officers found three cans of "Jax" beer in the appellant's car. Appellant's car was "cluttered with trash, clothes and empty beer cans."

Officer Wyatt testified that the appellant was the *driver* of the car which the officers stopped. Although Sergeant Cleckler could not positively identify the appellant sitting in the courtroom as the driver of the car the officers had stopped, his testimony was related to and concerned with the *driver* of the car.

During the direct examination of Sergeant Cleckler, after he had testified to the stopping of the car, he was asked: "From your memory, how would you describe the driver of the automobile?" He answered: "In my opinion, the driver was very intoxicated." The appellant's objection that the answer was not responsive was sustained. Appellant's request to strike that testimony was granted. Thereafter, neither witness was interrogated concerning his opinion of the appellant's condition as to intoxication or sobriety.

The appellant testified that he was in the car stopped by the officers. He could not recall the names of the other two people in the car with him at the time. He testified that he had met them in a cafe in Angleton and the other man had requested that appellant take them home. Since he did not know where they lived, the appellant said he let the other gentleman drive the car. Appellant testified that during the evening prior to the time of being stopped by the officers, "I had, I say, two or three beers." For the limited purpose of impeachment on cross-examination, it was shown appellant had been convicted of a felony offense and was on probation at the time of his trial.

Although the evidence is certainly not overwhelming, we conclude there is sufficient circumstantial evidence to support a jury finding of guilt. See e. g. Minor v.

State, 167 Tex.Cr.R. 344, 320 S.W.2d 347 (1959).

The issues regarding appellant's intoxication and whether he was the driver of the car stopped have been resolved against him by the jury's verdict.

The appellant urges the trial court erred in not striking the testimony offered by the State of the result of the "breathalyzer test" administered to the appellant. After both the State and the appellant had rested, appellant's counsel stated "At this point, Your Honor, the defendant moves the court to instruct the jury not to consider for any purpose the breath test or any evidence pertaining thereto, for the reason that there is no evidence to show that the test indicates intoxication from any witness upon the stand, and that as a result thereof, this evidence concerning the breath test and the results thereof should not be considered to determine the guilt or innocence of this defendant." The court overruled this motion. The only testimony concerning the result of the test was as follows:

"Q. You recall the result of the test?

"A. Yes, sir, I do.

"Q. What was the result?

"A. .22 of 1%, 22/100ths of 1%."

As the motion states: "there is no testimony to show that the test indicates intoxication." There was no expert testimony offered that the results of the test did show intoxication.[1] We have, therefore, concluded after considering all of the evidence in this case, that reversible error is not shown. The better practice would have been to strike the quoted testimony.

The appellant's complaint to the admission of Officer Wyatt's testimony that the other occupants of the car appeared to have been drinking does not show error. Such testimony was properly admitted. Yarbrough v. State, 384 S.W.2d 705 (Tex.Cr.App.1965); Long v. State, 375 S.W.2d 913 (Tex.Cr.App.1964), and Andrews v. State, 161 Tex.Cr.R. 550, 279 S.W.2d 331 (Tex. Crim.App.1955).]

In addition to the opinion by Judge Dally, it is noted that the majority opinion states that intoxication may be proved by circumstantial evidence. This is a correct statement.

It is hard to conceive a fact situation where circumstantial evidence of intoxication is stronger. The car was being driven in an erratic manner. The appellant who was on probation for a felony offense switched places from the driver's position with a passenger. The appellant had the smell of alcohol on his breath. He staggered when he walked and passed out on the way to the jail. The appellant took the stand and testified that he had drunk two or three beers. He did not deny that he was intoxicated or give any explanation for his passing out. Empty beer cans were found in the car. One of the highway patrolmen had been with the Department of Public Safety for twenty years. He had been to their breathalyzer school. After the appellant was given the breathalyzer test, he was placed in jail.

The result of the test was still before the jury even though the State did not go forward with proof by a chemist to show what amount would reflect intoxication.

Another circumstance to be considered was the failure of the accused, when he voluntarily took the stand, to deny the incriminating evidence against him. He did not explain his erratic driving, his stagger-

---

1. Chapter 709, Acts of the 62nd Leg., R.S., 1971, amending Section 2 and 3, Chapter 434, Acts of the 61st Leg., R.S., 1969 (Art. 802f, V.A.C.C.P.) providing that ". . . evidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by chemical analysis of his blood, breath, urine, or any other bodily substance, shall be admissible and if there was at that time 0.10 percent or more by weight of alcohol in a person's blood, it shall be presumed that the person was under the influence of intoxicating liquor." became effective June 7, 1971 and is not applicable to this case.

ing or give any reason or testify to any other existing physical condition that caused him to pass out.

"It has long been the law that when an accused voluntarily takes the stand his failure to explain incriminating circumstances is subject to the inferences to be naturally drawn therefrom." United States v. Sahadi, 2 Cir., 292 F.2d 565, citing Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); Johnson v. United States, 318 U.S. 189, 63 S.Ct 549, 87 L.Ed. 704. In the Caminetti case the United States Supreme Court approved the following charge:

"A defendant is not required under the law to take the witness stand. He cannot be compelled to testify at all, and if he fails to do so, no inference unfavorable to him may be drawn from that fact, nor is the prosecution permitted in that case to comment unfavorably upon the defendant's silence; but where a defendant elects to go upon the witness stand and testify, he then subjects himself to the same rule as that applying to any other witness, and *if he has failed to deny or explain acts of an incriminating nature that the evidence of the prosecution tends to establish against him, such failure may not only be commented upon, but may be considered by the jury with all the other circumstances in reaching their conclusion as to his guilt or innocence; since it is a legitimate inference that, could he have truthfully denied or explained the incriminating evidence against him, he would have done so.*" [2] (Emphasis added)

In United States v. Pledger, 409 F.2d 1335 (5th Cir. 1969), the Fifth Circuit affirmed a conviction where the defendant had assaulted an internal revenue service agent. The defendant testified and stated that he thought the agent was a hijack-

er. On cross-examination the government asked him why he had not stated this at the time of the assault or subsequent arrest. The Court held:

"When the accused testifies voluntarily he waives his privilege against self-incrimination, and his failure to deny or explain evidence against him, which he might naturally explain, is open to adverse interest." Id., at 1336.

Subsequently, in United States v. Woodall, 438 F.2d 1317 (5th Cir. 1970), the Court spoke of permitting unfavorable inferences to be drawn from action "which attempts to use privilege as a sword instead of a shield" and stated its holding in Pledger, supra, to be

"that a defendant who chooses to waive the privilege against self-incrimination by taking the stand, but fails to deny or explain matters within his knowledge, subject himself to the inference that his testimony on these subjects would have been adverse to his interest." Id., at 1326.

A defendant cannot be compelled to testify and such failure cannot be considered as a circumstance against him. In the present case he did testify. The rule is "Where a statement is made in the presence of a party under such circumstances that he heard and understood what was said, had an opportunity to reply and would naturally have replied unless he admitted the truth of the statement his silence may be received as a tacit admission of its truth." 2 McCormick and Ray, 2d Ed. 44, Section 1152.

This principle was applied in Counts v. State, 149 Tex.Cr.R. 348, 194 S.W.2d 267; McNeill v. State, 128 Tex.Cr.R. 250, 80 S.W.2d 995; Rice v. State, 49 Tex.Cr.R. 569, 94 S.W. 1024; Graham v. State, 125 Tex.Cr.R. 531, 69 S.W.2d 73, and other

---

2. Although the charge stated a correct rule of law such an instruction should not be given to the jury in a Texas case because Article 36.14, Vernon's Ann.C.C.P., pro-

vides that a judge should not express any opinion as to the weight of the evidence.

cases where defendant was not under arrest.

This has always been the rule in civil cases where the defendant can be compelled to testify. 1 McCormick and Ray, 2d Ed. 140, Section 102.

All of the circumstances in this case provide a greater degree and more credible proof of intoxication than where a nonexpert witness testifies that he observed an accused and that he was intoxicated. This Court recently held evidence much weaker than in the present case to be sufficient to uphold a conviction for murder. Brown v. State, Tex.Cr.App., 475 S.W.2d 938 (1971).

From all the circumstances properly before the jury, the evidence is sufficient to support the conviction.[3]

For all the above reasons, I respectfully dissent.

ROBERTS, Judge (dissenting).

I concur in the dissenting opinion by Judge Douglas and would affirm in addition thereto for the following reasons.

The majority holds that some person must testify, that in his opinion, the driver of the vehicle in question was intoxicated, before the evidence is sufficient to support a jury verdict. They rely in this holding on Padillo v. State, Tex.Cr.App., 420 S.W.2d 712. Padillo was a revocation of probation case in which it was alleged that appellant was "drunk in a public place." In that case the only evidence was the testimony of two patrolmen that they smelled beer on Padillo's breath, that he staggered and they had to help him to the patrol car and up some stairs. Each patrolman was testifying to a separate incident and neither was corroborated by any other person.

In Padillo, supra, Judge Woodley speaking for the Court, was relying on Snodgrass v. State, Tex.Cr.App., 18 S.W.2d 1084 and Clinton v. State, 64 Tex.Cr.R. 446, 142 S.W. 591. In both Snodgrass and Clinton, the appellants were charged under Article 477, V.A.P.C. with the offense of being drunk in a public place. In Snodgrass, no state's witness testified that in his opinion the appellant was drunk, but the witness did say that he smelled of alcoholic beverage and staggered. Appellant's witnesses testified that he was not drunk.

In Clinton, which was for being drunk in a public place, to-wit: a grand jury room, two witnesses testified that the appellant was intoxicated but then distinguished between being intoxicated and drunk. Other witnesses testified for the appellant that he was not drunk.

In Padillo, the appellant did not take the stand and testify and there was no testimony that he was not drunk. The only testimony being as heretofore set out.

Further, in Padillo the issue of drunkenness was not necessary to the decision since the allegation was that he was drunk in a public place "; . . . the city of Littlefield" and this Court found that " . . . a city is not a 'public place' . . . ."

In Clinton, the court charged the jury that a grand jury room was a public place and this Court held this to be error and stated that whether or not a grand jury room was a public place was a fact issue for the jury. Thus, the issue of drunkenness was not necessary for disposition of that case.

Insofar as Padillo relied upon Clinton and Snodgrass, I would distinguish the same due to the uncontroverted testimony of the appellant's witnesses in each of said cases. I would overrule Padillo if it does hold as the majority seems to think, that opinion testimony is necessary before a

---

3. Unfortunately, the opinion evidence in the present case was stricken and was not reoffered. For this reason the case is being reversed. This is not a case where the officer would not testify that the defendant was intoxicated.

person can be found guilty of being intoxicated.

In the instant case, the appellant did testify, but at no time did he testify that he was not intoxicated or under the influence of intoxicating liquor.

Since appellant did testify, the fact that he did not deny the allegation is an additional circumstance to be considered by the jury in this cause.

Evidently, the majority feels that any crime can be proved by circumstantial evidence except the offense of driving a motor vehicle while intoxicated.

I am further at loss to understand the reversal by the majority because of their "well-established rule of close juxtaposition." The evidence in this case is much stronger than that evidence that the majority found sufficient in Riggins v. State, Tex.Cr.App., 468 S.W.2d 841 and Oltiveros v. State, Tex.Cr.App., 474 S.W.2d 221 (1971).

I would affirm the conviction.